[No. 4393.]

## SCHOEN v. HOUGHTON, ADMINISTRATOR OF THE ESTATE OF L. PELLIER, DECEASED.

PURCHASE OF PROMISSORY NOTE.—The party who purchases a promissory note from the payee before it is due but after the payee has executed to the payor a release of the same, without knowledge of such release, is a *bona fide* holder, although he purchases for less than the face of the note and as a speculation, and although by the exercise of a little diligence he might have ascertained that the release had been given.

APPEAL from the District Court, Twentieth Judicial District, County of Santa Clara.

On the 3d of August, 1871, L. Pellier gave A. C. Farno or order his promissory note for five hundred dollars, payable one year after date. On the 1st of September following, he gave Farno or order another note for the same sum, payable fifteen months after date. Prior to June 13, 1872, Farno executed to Pellier a full release in writing of every claim he had against him. Pellier died on said last named day, leaving a will. The defendant became the administrator of his estate, with the will annexed. After the maturity of the first note, but before the maturity of the second, Farno sold both notes to the plaintiff Schoen, for the sum of four hundred dollars. The notes bore interest at one per cent. per month, and the estate was solvent. The parties all lived in San Jose, and Schoen, by a little inquiry, could have ascertained that the release had been given. He, however, made no inquiry, and bought as a speculation, and without notice. This was a suit against the administrator to recover on the notes. The court below rendered judgment for the plaintiff on the note of September 1, 1871, which had been purchased before maturity, but disallowed the other. The defendant appealed.

*John Reynolds*, for the Appellant.

The facts found are sufficient to charge the plaintiff with notice of the defense; and they show that he took the notes out of the usual and regular course of business, and not in

good faith. And the defendant is entitled to judgment upon the findings.

Even the cases which hold that a purchaser in good faith may recover, although he was guilty of gross negligence in not ascertaining that the negotiable paper sued on had been fraudulently put in circulation, as already shown, hold that the paper must be taken in good faith and in the usual and regular course of business. (10 Cushing, 491; *Walker* v. *Davis*, 33 Maine, 516; *Sperry* v. *Spaulding*, 45 Cal. 544.)

But we submit that the rule laid down in *Gill* v. *Cubitt* (3 Barn. & Cress. 154), is applicable to the case at bar, even if not upheld in its general application, as stated in the opinion. The court finds that this purchase was made on speculation, and a speculative purchaser is not entitled to the protection of the exception made in favor of negotiable paper. (*Cardwell* v. *Hicks*, 37 Barb. 458.)

*Archer & Lovell and W. H. Collins*, for the Respondent.

The finder of negotiable paper, or the thief who steals it, acquires no title, but either may transfer a good title to a *bona fide* purchaser. (2 Parsons on Notes and Bills, 265 to 275, inclusive, and cases there cited; *City Bank of New Haven* v. *Perkins*, 29 Court of Appeals, N. Y.—2 Tiffany—554.)

We believe the universal rule to be that the rights of a *bona fide* holder are carefully protected, and that nothing short of actual *mala fides*, or notice thereof, will enable a maker or indorser of negotiable paper to defeat an action brought upon it by one who is apparently a regular indorsee or holder.

The rights of the holder of negotiable paper are to be determined by the simple test of honesty and good faith, and not by a speculative issue as to his diligence or negligence. He does not owe to the party who puts negotiable paper afloat the duty of active inquiry to avert the imputation of bad faith, nor is he bound at his peril to be upon the alert for circumstances which might possibly excite the suspicions of wary vigilance. (*Magee* v. *Badger*, 7 Tiffany, 247,

249, per Porter, Justice; *Mechanics' Bank of Williamsburg* v. *Foster*, 44 Barb. 87; 29 Harwood, 408; 19 Abb. 47.)

*Gill* v. *Cubitt* (3 Barn. & Cress. 466), relied on by appellant, has been repeatedly overruled. (See *Goodman* v. *Harvy*, Adol & El. 870; *Bank of Bengal* v. *Fagan*, 7 Moore, P. C. 61, 72; *Raphael* v. *Bank of England*, 33 Eng. Law and Eq. 276; 2 Parsons on Bills, 272, 274; *Worcester County Bank* v. *Dorchester Bank*, 10 Cush. 488; *Brush* v. *Scribner*, 11 Conn. 388; *Goodman* v. *Simonds*, 20 Howard, 843; *Bank of Pittsburg* v. *Neal*, 22 Id. 96; *Murray* v. *Gardner*, 2 Wall. 110, 113: *Hall* v. *Nelson*, 16 Barb. 550; *Steinhardt* v. *Baker*, 34 Id. 436; *McWilliams* v. *Mason*, 31 N. Y. 294; *Himmelmann* v. *Hotaling*, 40 Cal. 111.)

By the COURT:

We are of opinion that the circumstances attending the assignment to the plaintiff of the note of September 1, 1871, as found by the court below, are not, under the rules applicable to the transfer of negotiable paper, sufficient to impugn the title of the plaintiff as being a *bona fide* holder for value.

Judgment affirmed.