[L. A. No. 10021. In Bank.—August 15, 1929.]

E. B. WITTY, Respondent, v. COLIN N. CLINCH et al., Defendants; ANNA M. PARSONS et al., Appellants.

Rohe & Freston and Ralph E. Lewis for Appellants.

Adair & Adair for Respondent.

CURTIS, J.—The defendant Anna M. Parsons was on the twenty-first day of April, 1924, the owner of lot 61 of Hollywood Heights Tract in the county of Los Angeles. On or about said date she conveyed said lot to defendant Nan K. Clinch, wife of defendant Colin N. Clinch. It was agreed by said parties at the time of said conveyance that the purchase price of said lot was to be the sum of $3,000 and that in payment thereof Colin N. Clinch and wife should execute to Anna M. Parsons four promissory notes for $750 each, secured by a trust deed to said lot. It was further agreed that Clinch and wife should execute their note for $5,000, secured by a mortgage upon said lot, and that said mortgage should take precedence over said trust deed when filed for record in the office of the county recorder of said county. In consideration of the execution and delivery to the Clinches of said deed with the right to mortgage said lot to secure said note of $5,000, said Colin N. Clinch agreed to erect upon said lot a dwelling-house to cost not less that $5,000. In pursuance to said agreement Colin N. Clinch and wife executed their promissory note for $5,000 in favor of W. A. Prole, together with a mortgage on said lot to secure the same.

They also executed four promissory notes for $750 each in favor of Anna M. Parsons, together with a trust deed of said lot to secure said notes, and said trust deed was made subject to said $5,000 mortgage of W. A. Prole. Clinch failed to comply with his contract to construct a dwelling-house on said lot. He did not build or commence the building of any house thereon. Prole, through the efforts of Clinch, sold said note of $5,000 secured by said mortgage to the plaintiff herein for $1500, which sum was actually paid by plaintiff for said note and mortgage. Default was made in the payment of said note and this action was instituted to foreclose said mortgage. Anna M. Parsons and the Hellman Trust and Savings Bank, the trustee named in said trust deed, appeared in said action and filed an answer to plaintiff's complaint, in which they set up the agreement under which said mortgage was executed and delivered, and the violation of said agreement by Clinch, and further alleged that plaintiff paid no consideration for the said note and mortgage, and that she took said note and mortgage with full knowledge of the terms of the agreement under which it was given. The trial court found that plaintiff paid to said W. A. Prole the sum of $1500 for said note and mortgage, and that at the time of the purchase by her of said note and mortgage she had no knowledge of any of the transactions between Clinch and wife on the one hand and Anna M. Parsons and the Hellman bank on the other, and that she was an innocent purchaser before maturity of said note and mortgage, and for a valuable consideration, to wit, for said sum of $1500. It accordingly rendered judgment in favor of the plaintiff for the sum of $1500, besides interest, attorney's fees and costs. From this judgment Anna M. Parsons and the Hellman bank, now known as the Merchants National Trust and Savings Bank, have appealed.

The principal point made by the appellants on their appeal is that the respondent was not an innocent purchaser of said note and mortgage without notice and therefore the note and mortgage purchased by her was subject to the defense that the consideration therefor totally failed. In support of this contention the appellants rely in part upon the finding of the court that Colin N. Clinch acted as the agent, both of the respondent and of W. A.

Prole, in the transaction in which the plaintiff purchased said note and mortgage from said Prole. The evidence clearly shows that the respondent had no actual knowledge of the true consideration of said note and mortgage. If Clinch was acting as her agent in said transaction he never revealed to her the fact that the consideration for said note and mortgage was that he would construct upon said lot a dwelling-house. Nor did he give respondent any information as to the true consideration of said note and mortgage at the time he was negotiating with her for the sale of said note and mortgage. Counsel for respondent challenges the correctness of said finding and contends that there is no evidence to support the same. The evidence supporting it is extremely weak and its sufficiency is extremely doubtful. Respondent had an agent named Gustavus, upon whom she appears to have solely relied in negotiating for the purchase of said note and mortgage.

■ But, conceding that Clinch did act in some respects as the respondent's agent, it is most apparent that his interest in such transaction was adverse to that of the respondent. He was interested as the agent of Prole, and as the arch conspirator in the plot to defraud the appellant Parsons out of her property, to negotiate said note and mortgage. He would not, of course, have been expected to disclose to a prospective purchaser the nefarious part he was acting in said transaction for the simple and single reason that such disclosure would defeat his own purpose, as no one in all probability would have been willing to purchase said note and mortgage if he were informed in advance of his purchase of the facts surrounding its execution and delivery. Under these circumstances the knowledge of the agent is not imputed to the principal. This rule is well established and generally accepted. It is stated in 1 Cal. Jur., page 852, as follows: "Since the rule imputing to the principal the knowledge of the agent rests upon the presumption that the agent will communicate his information, the rule is inapplicable where the facts are such that the presumption of communication does not exist, as where the agent, in the particular transaction in question, is acting in an adverse interest to that of his principal. In such transactions the attitude of the agent is one of hostility to the principal, and it would be absurd to suppose

that he would communicate to the principal any facts within his private knowledge affecting the subject of his dealing, unless it would be his duty to do so if he were wholly unconnected with the principal."

Appellants further contend that under the facts and circumstances shown in this case the respondent is not a *bona fide* purchaser without notice of the fact that the consideration for said note and mortgage had failed. In this connection appellants assert that the fact that respondent purchased said note and mortgage for less than one-third of the face value of said note was of itself sufficient to put a prudent and reasonable person upon inquiry as to the consideration of said note. ■ It has been definitely held in this state that the purchaser of negotiable paper before maturity is not required to make inquiry of the makers as to the consideration and circumstances leading up to its execution (*Schoen* v. *Houghton*, 50 Cal. 528; *Kopperud* v. *Cookson*, 50 Cal. App. 180 [194 Pac. 748]), and that inadequacy of price paid is not of itself sufficient to raise an inference or suspicion that the purchaser was buying a tainted instrument (*Kopperud* v. *Cookson*, *supra*). ■ It has further been held that the purchase of a note before maturity for a grossly inadequate price with knowledge, upon inquiry previously made, of the maker's solvency, but without inquiry as to the consideration of the note, is a circumstance to be considered in determining whether the purchase was made in good faith, and is of itself sufficient to arouse the suspicion of a prudent person and to put him upon inquiry as to the consideration. (*Jordan* v. *Grover*, 99 Cal. 194 [33 Pac. 889]; *Burns* v. *Bauer*, 37 Cal. App. 251 [174 Pac. 346].) ■ In the present action there is no evidence that the respondent herein had any knowledge of the solvency of the maker of said promissory note, or that any inquiry was made by respondent as to the solvency of said maker. On the other hand, we may infer from the evidence that respondent purchased said note and mortgage relying almost wholly upon the value of the lot covered by the mortgage. After investigating the value of said lot she was informed by A. C. Gustavus, her agent, that it was worth in the neighborhood of $3,000. She therefore agreed to advance on said note and mortgage the

sum of $1500. The trial court with all these facts and circumstances before it held the respondent to be an innocent purchaser for value. There was a further fact which we think is of material importance and which may well have influenced the trial court in arriving at the determination it did. This fact was the agreement on the part of the respondent to resell said note and mortgage to Clinch and wife at any time within six months after the date of said purchase, upon Clinch and wife paying to her the sum of $1620 and interest thereon from date of purchase at the rate of eight per cent per annum. Appellants contend that this agreement constituted the transaction a mortgage or pledge instead of a sale. But even if so, respondent would undoubtedly have a qualified ownership of said note to the extent of her loan as against appellants, and that is all that she has been awarded by the judgment herein. This agreement to accept $1620 for an assignment of the note and mortgage to Clinch limited respondent's actual interest in said note and mortgage, provided Clinch complied with the terms of said agreement, to said last-named amount. She was not, therefore, acquiring absolutely a security of the value of $5,000 for the sum of $1500, but only an interest in said security to the extent of $1620, with a possibility of becoming the owner of the security itself. The fact that Clinch failed to repay to her the amount agreed within the stipulated time did not change the character of the original contract between him and the respondent. He was given the right to purchase and in case he exercised such right the total amount which the respondent would have received would have been the sum of $1600 and interest. The difference between this amount and the sum of $1500, which respondent paid for the note and mortgage, was not so great, the trial court may well have held, as to arouse the suspicions of the respondent that the note was not what it purported to be. The trial court having found that the respondent was an innocent purchaser for value, we are of the opinion that there was substantial evidence in the record to support such finding. It will not, therefore, be disturbed on appeal.

Appellants rely upon the case of *Briggs* v. *Crawford*, 162 Cal. 124 [121 Pac. 381], in support of their contention

that the respondent is not an innocent purchaser for value and therefore not entitled to recover in this action. The facts in that case are in many respects similar to those in the present action, and it was held that the assignee of the note and mortgage held the same subject to all infirmities or objections which could have been set up against it in the hands of the original mortgagee. That case was decided, however, under the law in force at the date of the execution of said last-named note and mortgage. A note secured by a mortgage at that time was a non-negotiable instrument and a purchaser thereof, even for full value and without notice of any defect or infirmity therein, took said instrument subject to all equities in favor of the maker thereof. Said note and mortgage were executed on or about December 1, 1908. In 1923 section 3265 of the Civil Code was amended and since said amendment a promissory note, executed subsequent to said amendment and otherwise negotiable, is not rendered non-negotiable by the fact that its payment is secured by a mortgage or trust deed. The promissory note and mortgage involved herein were executed April 12, 1924. The case of *Briggs* v. *Crawford, supra,* is therefore inapplicable under the present state of the law.

Appellants make the point that practically the entire evidence admitted in the case was without the issues thereof. There is no merit in this point.

The judgment is affirmed.

Richards, J., Shenk, J., Waste, C. J., Seawell, J., and Preston, J., concurred.