[Civ. No. 8216. First Appellate District, Division Two.—March 24, 1932.]

BANK OF BALBOA (a Corporation), Respondent, v. MYRTIE B. BENNESON, Appellant.

·Edward J. Miller, Wier Casady and Robert M. Cordill for Appellant.

Goudge, Robinson & Hughes and David A. Sondel for Respondent.

NOURSE, P. J.—Plaintiff sued to foreclose a mortgage upon real property and had judgment. Defendant has appealed upon typewritten transcripts.

The facts are simple. The defendant executed and delivered the note and mortgage to one Mathews in the sum of $5,000. Before maturity, Mathews sold the note and mortgage to plaintiff and, after maturity, plaintiff commenced this action. The defendant defended the action on the ground that the note and mortgage were procured from her by Mathews through fraud—that the only consideration was $5,000 par value of stock in a corporation which was issued in violation of the Corporate Securities Act and which was of no value. Defendant also claimed that plaintiff was not an innocent purchaser for value. The trial court found that plaintiff was an innocent purchaser for value and without notice of any of the infirmities of the note.

In reference to the facts it is sufficient to say that there is no substantial conflict in the evidence. That the note and mortgage were procured through the fraud of Mathews and that the consideration was stock in a corporation which was illegally issued may be conceded. But the evidence unmistakably supports the findings that respondent was an innocent purchaser for value and that it took the note and mortgage without notice of any of the infirmities.

The findings are, of course, of legal value only in the event that the note which was secured by a mortgage

is a negotiable instrument under the terms of section 3265 of the Civil Code.

It is not necessary to go into the history of the litigation and legislation covering this debated subject; it is sufficient that the existing statute now provides that such a note shall not lose its negotiability because secured by a mortgage. But appellant insists that the statute is unconstitutional because it is self-contradictory and repugnant to other statutes relating to negotiable instruments. Section 3265 of the Civil Code reads: "Promissory Note Defined. A negotiable promissory note within the meaning of this title is an unconditional promise in writing made by one person to another, signed by the maker, engaging to pay on demand, or at a fixed or determinable future time, a sum certain in money to order or to bearer but the negotiability of a promissory note otherwise negotiable in form, secured by a mortgage or deed of trust upon real or personal property shall not be affected or abridged by reason of a statement therein that it is so secured nor by any conditions contained in the mortgage or deed of trust securing the same. Where a note is drawn to the maker's own order it is not complete until indorsed by him." We find nothing contradictory in the section. It defines a negotiable promissory note as an unconditional promise to pay and then states an exception to this general definition when the note is secured by a mortgage or deed of trust containing conditions. Exceptions of this character are common in statutes and appellant does not cite any authorities holding that they affect their constitutionality. The fact that some of the provisions of this section are repugnant to other statutes does not touch the question of the constitutionality of the section—the single question is—are they effective or do the other statutes control?

Appellant concedes that this section is later in enactment and later in the order of numbering of code sections than are those to which she claims this section is repugnant. For such reason section 3265 controls over the others, if in fact, there be any repugnancy—a question we need not consider. Manifestly the legislature has the constitutional power to declare what is and what is not a negotiable instrument, and it may likewise provide exceptions to any general definition of such an instrument. Upon the well-

settled doctrine that a special definition and an exception controls the general we must hold that section 3265 is the controlling section in this case. That it was enacted for the express purpose of making such notes negotiable and of repealing prior statutes to the contrary is not open to question. (*Fair Oaks Bank* v. *Johnson*, 198 Cal. 196, 200 [244 Pac. 335]; *Witty* v. *Clinch*, 207 Cal. 779, 785 [279 Pac. 797].)

The argument that the section is unconstitutional because it applies to a special class is not impressive in view of the general knowledge of men as to the size of the class affected by secured paper.

At considerable length appellant argues four points relating to the duty of a purchaser of non-negotiable paper to make inquiry as to defenses and infirmities. Any consideration of these points would be purely academic because the paper in suit was negotiable. ■ It is the settled rule that a purchaser of negotiable paper is not required to make inquiry of the makers as to the consideration and circumstances leading to its execution. (19 Cal. Jur., p. 866; *Witty* v. *Clinch*, 207 Cal. 779, 785 [279 Pac. 797].) In so far as the good faith of the respondent is concerned all the evidence was in accord with the trial court's finding.

■ It is argued that the note is void because the consideration for it was corporate stock issued in violation of the Corporate Securities Act. This is just another way of saying that a negotiable note is void in the hands of an innocent purchaser for value if the consideration fails. Except in those cases where the note is void on its face or is declared void by statute the authorities are to the contrary. (19 Cal. Jur., p. 1107.)

The case was fairly tried. The trial court was more than patient and liberal with appellant in the presentation of her case and no assignments of error during the trial are made now. The judgment is sound and is fully supported by the evidence and the findings. The questions of law raised on the appeal are more academic than real. The material issues have been rightly adjudged and, for these reasons, the judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 23, 1932, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 23, 1932.