[Civ. No. 1412.   Fourth Appellate District.—November 6, 1933.]

MARK M. MENGES, Appellant, v. RICHARD L. ROBINSON et al., Defendants; A. R. MOTT et al., Respondents.

George H. Gobar for Appellant.

R. Y. Williams, Chas. D. Swanner and Head, Wellington & Jacobs for Respondents.

BARNARD, P. J.—The plaintiff brought this action on a note for $5,000 dated August 18, 1931, due six months after date, payable to "Myself". The note was signed and also indorsed on the back by all of the defendants except Chas. F. Carrere, and was also indorsed "Without recourse, Chas. F. Carrere". It is alleged in the complaint that the note was made, executed and delivered to Chas. F. Carrere and that it was by him indorsed to the plaintiff in good faith in the usual course of business and for a valuable consideration. The defendants Mott and Bosch answered setting up failure of consideration and partial failure of consideration, and also alleging that the plaintiff fraudulently conspired with the said Carrere to obtain said note for a nominal consideration and that the plaintiff took the note with full knowledge and notice of all equities between Carrere and the other defendants. The jury returned a verdict in favor of the plaintiff for $1,000 and from the judgment which followed the plaintiff has appealed.

The main grounds for reversal urged are that the evidence conclusively shows that the appellant was a holder in due course and that the court erred in permitting testimony with reference to what had occurred prior to the execution of the note. It appears that Carrere was a stock salesman with whom the appellant had been doing business for about two years prior to this transaction. On at least two occasions the appellant bought certain "aeroplane stock" through Carrere, and later, through him, traded this stock for certain shares of stock in the Commonwealth Mining Company. While the appellant testified that he was and had been the owner of these several blocks of stock none of said stock had ever been transferred to his name on the books of the respective corporations, and all thereof had been carried at all times in the name of Carrere. There is evidence that the mine supposed to be operated by the Commonwealth Mining Company was an old abandoned mine in Idaho; that a part of the tunnels was caved in; that the timbering was rotted out and caved in in places; that the mine was in an unsafe condition; that there was no work going on; and that no dividends had ever been paid on the stock.

Shortly before the note here in question was executed the appellant visited this mine and decided, as he testified, that he "would like to get rid of" his stock. He also testified that he talked to Carrere about disposing of this mining stock for him and that Carrere told him "he might possibly be able to sell my stock for me", and that he "told me he would get me out of this deal". About that time Carrere approached the other defendants, who had organized another mining company and desired to raise money with which to operate, and told them that if they would give him a note for $5,000 he could and would dispose of it for that amount of cash and thus furnish them with the means of operating. This resulted in the execution of the note here in question which was given to Carrere to sell for $5,000, and by him turned over to the appellant a few days later. The appellant testified that he gave Carrere a check for $1500 and 7,000 shares in the Commonwealth Mining Company for the note. However, the appellant's shares stood in Carrere's name on the books of the corporation and it does not appear that any transfer was ever made. Carrere turned over to one of the makers of the note other than these respondents $500 in cash

and a certificate for 12,000 shares in the Commonwealth Mining Company, which certificate was in the name of a man named Wilson, with an assignment from Wilson to the appellant, but which was not assigned or signed by the appellant. The appellant testified that he knew nothing about these 12,000 shares and had never seen that certificate. At the trial the respondents offered to return the $500 they had received and deposited the certificate for 12,000 shares of stock in court for the appellant. The appellant testified that Carrere had offered him several trades for his stock and that when he brought in this note it looked as good to him as anything he had seen and that he completed the deal after first inquiring into the financial responsibility of respondents Bosch and Mott. While he testified that he bought the note outright from Carrere and had no knowledge of how Carrere acquired it, it also appears from his testimony and from his deposition which was received in evidence, that Carrere told him that if he could raise some money on the note he could take his stock but that he would have to have some cash to complete "this deal". He further testified that he did not know what the deal was but he admitted that he knew that Carrere was acting as an agent for the makers of the note in attempting to raise money on the note with which to buy something. When asked in regard to the indorsement without recourse by Carrere he testified: "The only reason I had him sign it was to vouch for the signatures of those men." There is other evidence that the shares of the Commonwealth Mining Company were at that time of little or no value.

There is evidence to indicate that Carrere was the appellant's agent in trying to get rid of the stock referred to and that the appellant knew that Carrere had possession of the note as the makers' agent for the purpose of raising money on the same. The jury was justified in believing that the appellant knew that he was paying far less for the note than the amount it called for. That fact, with the fact that he investigated the financial condition of some of the makers while making no investigation as to the consideration that the makers had received for the note, constitutes a suspicious circumstance which is to be considered in determining whether the purchase of the note was made in good faith and

is of itself sufficient to put the purchaser of the note upon inquiry as to the consideration (*Jordan* v. *Grover,* 99 Cal. 194 [33 Pac. 889] ; *Witty* v. *Clinch,* 207 Cal. 779 [279 Pac. 797] ). The further fact that the appellant admitted knowledge that Carrere was acting as the agent of the makers of the note in attempting to raise money thereon indicates that at the time he paid an inadequate consideration for the note he knew that he was not dealing with Carrere as the owner of the note, that Carrere had not paid for the same, and that the real consideration was to be what he himself paid. Whether or not fraud appears, we think the evidence of the circumstances leading up to the making of the note was properly received upon the issue as to whether the appellant purchased it in good faith and without notice, and that the same is sufficient to sustain the implied finding of the jury that he was not a holder in due course for value and without notice.

What we have already said disposes of the contentions made that the court erred in denying a motion for an instructed verdict and a later motion for judgment notwithstanding the verdict, both of which points are merely stated without argument or authority.

The appellant's criticism of two instructions and a portion of a third are entirely without merit. ██ One other point is stated but not argued, to the effect that the amount of the judgment, $1,000 is not supported by the evidence. While the amount of the verdict would have been better supported had it been for $500 instead of $1,000, the appellant is in no position to complain of any error in his favor (*Moore* v. *Borgfeldt,* 96 Cal. App. 306 [273 Pac. 1114]). It may be added that under the evidence the jury could have allowed an additional nominal amount for the value of the stock delivered to one of the makers of the note. While the evidence as to such value is somewhat indefinite, the appellant presents nothing on the point justifying a reversal. The record indicates that the action was fairly tried and that the result was rather more favorable to the appellant than otherwise.

The judgment is affirmed.

Marks, J., and Jennings, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 4, 1934.