[Civ. No. 1340. Fourth Appellate District.—January 24, 1935.]

IMPERIAL GYPSUM & OIL CORPORATION (a Corporation), Appellant, v. SARAH J. CHAPLIN, Respondent.

110

Rush M. Blodgett and Victor T. Watkins for Appellant.

Russell & Heid for Respondent.

ALLYN, J., *pro tem.*—In February, 1929, the defendant Chaplin executed and delivered to the defendant Abramson-Bode Corporation four promissory notes, totaling $50,000, to be used by it in the formation of a merger or syndicate of this corporation and the Universal Silicate Stucco Corporation of Hollywood, the new concern to be known as the Universal Silicate Stucco & Lime Products Corporation. There is a conflict in the testimony as to whether these notes were merely to be held as assets for the purpose of showing a good financial statement, to be released through ordinary business channels or applied in the purchase of stock of the newly formed cor-

poration. In March of that year the payee transferred one of these notes, the subject of this action, to the Imperial Gypsum & Oil Corporation, the plaintiff herein. This note was defaulted and in answer to a complaint thereon it was set up in defense that the note was procured by false and fraudulent representations, that there was a lack and failure of consideration thereof, and that the plaintiff was not a *bona fide* purchaser for value. The trial court found for the defendant Chaplin on all issues.

On this appeal it is submitted that plaintiff is a *bona fide* purchaser of the note in due course and for value; that the defendant Chaplin is estopped from claiming its invalidity; and that certain material findings of the trial court are unsupported by the evidence. These specifications of error can all be disposed of by the decision as to the sufficiency of the evidence on three points: First, was the note secured by false representation or was there a lack or failure of consideration; second, was the plaintiff a *bona fide* purchaser; third, was defendant Chaplin estopped from denying the invalidity of the note.

■ It is too well established to require citation .of authority that the judgment of a trial court on questions of fact will not be disturbed on appeal where there is sufficient evidence to raise a conflict. If, therefore, there is evidence in the record, even though slight, to sustain defendant Chaplin's contentions at the trial this court cannot set aside the conclusion of the trial judge who heard the evidence and whose duty it was to find the facts.

■ The testimony of Mrs. Chaplin is quite definite and certain that the officials of the Abramson-Bode Corporation definitely assured her that these notes were merely to be used to show as assets of the corporation on its financial statement; that they would go into its vaults and be returned to her before maturity. She was promised great profit and reward for lending her credit to the corporation and was to have the. option to purchase its stock at an advantageous price when the Universal Silicate Stucco & Lime Products Corporation came into being. The testimony of Messrs. Abramson and Bode lends corroboration to her statement of this transaction, although the trial court could accept her testimony without corroboration. It is not in any sense inherently improbable. There is further evidence that this Universal enterprise never

secured recognition of its universality from the commissioner of corporations of the state of California, and that no permit to sell stock or interests in the proposed merger or for the proposed syndicating of the two companies was ever granted. Hence no stock could legally be issued. There is ample evidence in the record to sustain the finding that the note was procured by fraudulent representations, that there was no consideration therefor, and that there was a total failure of consideration.

■ This finding, however, is of no value to defendant unless the further finding that the plaintiff was not a *bona fide* purchaser of said note, but took the same with full knowledge or means of knowledge that the same was procured by false and fraudulent representations, that there was no consideration given therefor, and that there was total failure of consideration, can be sustained.

The evidence to support this finding may briefly be summarized as follows: Mr. Coons, the president of the plaintiff Imperial Gypsum & Oil Corporation, and also vice-president of the Abramson-Bode Corporation, although he denied knowledge of this latter connection, represented the plaintiff corporation in all its negotiations for the sale or pledge of the Chaplin note. Mr. Hotchkiss, secretary of plaintiff corporation, was also a director of the Abramson-Bode Company. Coons further had knowledge of the pending formation of the Universal Silicate Stucco & Lime Products Corporation by the merger of the Abramson-Bode Corporation and the Universal Company of Hollywood. There is testimony that Coons was told that the Chaplin note was given for the purchase of stock in the new corporation. He admitted that he telephoned a banker at Tulare to inquire of Mrs. Chaplin's financial rating but that he did not hear the latter's suggestion that the circumstances surrounding the giving of this note made it advisable to take the matter up with Mrs. Chaplin before investing money on it. Mr. Dunlap, the banker, testified that this suggestion was made over the telephone. The $12,500 note was, following this investigation, discounted $2,500 and accrued interest.

■ The purchaser of negotiable paper before maturity is not charged to make inquiry of the makers as to the consideration thereof and the circumstances leading up to its execution and mere inadequacy of price is not of itself

sufficient to raise an inference or suspicion that the purchaser is buying a tainted instrument. (*Witty* v. *Clinch,* 207 Cal. 779 [279 Pac. 797].) ▆ Neither is mere knowledge of facts sufficient to put a reasonable man on inquiry without actual knowledge, nor does mere suspicion of a defect or infirmity of title preclude the indorsee of such paper from keeping the position of a holder in due course unless the circumstances are such as to justify the conclusion that the failure to make inquiry arose from the suspicion that such action would disclose a vice or defect in the instrument. (*Popp* v. *Exchange Bank,* 189 Cal. 296 [208 Pac. 113].) In other words, the purchaser must have knowledge of such facts that his action in taking the instrument amounts to bad faith before he loses the favored position of a *bona fide* purchaser. (*Goodale* v. *Thorn,* 199 Cal. 307 [249 Pac. 11].) The circumstances or suspicions must be so cogent or obvious that to remain passive amounts to bad faith. (*Popp* v. *Exchange Bank, supra.*)

▆ The purchase of a note before maturity for an inadequate price with knowledge upon inquiry of the maker's solvency, but without inquiry as to the consideration of the note, is a circumstance to be considered in determining whether the purchase was made in good faith. (*Flippen* v. *Abbey,* 135 Cal. App. 666 [27 Pac. (2d) 792]; *Witty* v. *Clinch, supra.*

A study of the entire transcript forces the conclusion that the evidence in this case sustains the conclusion of the trial court that the plaintiff corporation had more than a mere suspicion of the taint in this note and that the facts and circumstances within the knowledge of its officers justified the conclusion that it was at least suspected that a further inquiry would disclose the true facts concerning the execution of this note.

▆ Appellant cites no authority in support of its argument that the defendant Chaplin is estopped from claiming the invalidity of the note and from denying liability thereon. It is admitted that she was notified of the transfer to the plaintiff and responded merely that she would take the matter up with Abramson and Bode and that she subsequently made one payment of interest to plaintiff. If these things had transpired prior to the transfer this argument would be almost conclusive, but plaintiff had already parted

with its money and had received the note. The necessary elements to establish an estoppel *in pais*, that is, reliance on the defendant's conduct and its inducement of plaintiff's action in taking the note, are entirely lacking and therefore there can be no estoppel in this case. (10 Cal. Jur., pp. 626, 627.)

The remaining specifications of error are either disposed of by the foregoing conclusions as to the main issues of the case or go to findings immaterial to the essential issues or go to findings based upon conflicting .evidence upon which the determination of the trial court is conclusive.

The judgment is affirmed.

Barnard, P. J., and Marks, J., concurred.