256 P.2d 712

STEVENS v. ANDERSON.

No. 5667.

Supreme Court of Arizona.

May 11, 1953.

Rehearing Denied June 9, 1953.

Udall & Udall, of Tucson, for appellant.
Glenn Ginn and Ashby I. Lohse, of Tucson, for appellees.

WINDES, Justice.

We are presented with a contest between Annie L. Stevens, appellant, and James E.

Anderson, executor of the estate of R. L. Anderson, deceased, appellee. Decedent departed this life in April, 1951, and appellee was appointed executor of his will, which instrument devises to appellant $5,-000 and a life estate in a furnished home and the residue to the brother and sisters of decedent. The entire estate was appraised at $43,135.62 as the separate property of the decedent. Appellant filed a verified claim and objection to the inventory and appraisement, wherein she alleges in substance that about the year 1918 she and deceased commenced to live and cohabit as man and wife and that they held themselves out as such until his death; that she performed the usual duties and services of a wife; that he promised her she would be well cared for after his death and that he wished her to have her fair share of the proceeds of their joint accumulations. She further alleges that she in good faith relied on these representations and permitted all the property to be taken in his name, and that all the property mentioned in the inventory was accumulated while they lived together through their joint efforts, savings and management.

Subsequent to the joinder of issue on the foregoing claim, appellant's deposition was taken and therein it appeared that they had lived together as husband and wife for the period alleged and at times they represented themselves to be lawfully wedded; that when this illicit relationship began he had some property and she had none, and that she at one time loaned him $318 to make payment on a citrus farm. She further testified that at one time she suggested marriage, but after some discussion none resulted; that he never lied to her nor misled her in any way. Concerning what provision was to be made for her, she testified as follows:

"Q. Were you at any time during Mr. Anderson's life told what provisions had been made to take care of you? A. He just said that I would be well cared for.

"Q. He didn't tell you how? A. No sir."

Pursuant to motion of appellee summary judgment was rendered against appellant, thus presenting the problem of whether there was any genuine issue of fact, concerning which proof might be submitted at the trial, that could possibly warrant recovery by appellant of a portion of the estate property, in addition to that given in the will.

When motion for summary judgment is presented, it becomes the duty of the trial court to examine the entire record and determine whether there is any disputed material fact which if true could have a bearing on the kind of final judgment which under the law should be rendered. If it appears that competent evidence will be submitted tending to prove or disprove such material fact, the determination of the existence thereof must depend upon the evi-

dence submitted at the trial. The court does not try issues of fact, but only whether the same are genuine and in good faith disputed. The mere general statement in a pleading, when attacked by such motion supported by proof of specific facts in the form of affidavit or deposition, places on the author of the statement the obligation to present something which will show that when the date of trial arrives, he will have some proof to support the allegation in the pleading. He cannot withhold this showing until the time of trial. He has not the right to say that he has made a negative or contradictory allegation and has therefore created a genuine issue and might have evidence to support it. Commentary, "Genuineness" of Issues on Summary Judgment, 1941, 4 Federal Rules Serv. 940. To permit such proceeding would defeat the very purpose of summary judgment practice. Engl v. Aetna Life Ins. Co., 2 Cir., 139 F.2d 469. This practice was established for protection against compelling one to submit to the delay, expense and harassment of litigation upon mere assertions, when it is shown that competent evidence cannot be presented to prove same.

When tested by the foregoing principles, the record in this case presents an allegation that deceased continuously represented that upon his death appellant should have a fair share of their joint accumulations. On her deposition as to what he represented she said, "He just said that I would be well cared for", but he did not tell her how such care would be provided. Appellant is certainly bound by her own statement, and when asked concerning the representation, it was her obligation to, and no doubt she did, correctly relate the same. Her statement amounts to an admission that there were no other representations, and the court therefore was required to give compelling force to her testimony and to decide that on this subject the facts were undisputed. It would not be warranted in requiring the appellee to submit to the delay and expense of trial on the mere possibility that appellant might at that time present a different situation. The fact that the allegation is under oath does not strengthen her position in the face of her deposition. The general allegation under oath must give way as against her own deposition which shows that the claimed representation that she was to have a fair share of the accumulations is unfounded. Brensinger v. Margaret Ann Super Markets, 5 Cir., 192 F.2d 458.

It is alleged that the property was accumulated through the joint efforts, savings and management of the parties. The deposition refutes this except to the extent that she rendered the usual services of a housewife and loaned him $318. None of her money other than this item helped in any way in the acquisition of the property. There was no genuine issue presented by this allegation. As to the other statements in the claim and the deposition, generally they are harmonious. We hold, therefore,

that there was no genuine issue of fact to present at the trial.

The final problem is whether the appellant is entitled to any relief under the facts as thus presented by the record. Stated otherwise, may one unmarried person who cohabits with another unmarried person, with full knowledge of the facts, recover a portion of the property standing in the name of the other, when claimant contributed nothing to the purchase price thereof excepting the services usually performed by a wife, there being no fraud and no agreement independent of the agreement to live together?

■ There is much authority for allowing an innocent one who in good faith erroneously thinks there is a valid marriage to recover a proportionate share of the property accumulated while cohabiting under the mistaken belief of lawful wedlock. Werner v. Werner, 59 Kan. 399, 53 P. 127, 41 L.R.A. 349; Krauter v. Krauter, 79 Okl. 30, 190 P. 1088; Schneider v. Schneider, 183 Cal. 335, 191 P. 533, 11 A.L.R. 1386.

■ There is much authority for allowing recovery where both parties know of the illegality of their activities, but where there exists an independent agreement that the property acquired during the period of their unlawful practices shall be owned in a certain manner. If the unlawful practices are merely incidental or separate from their contract concerning the ownership of property, the courts will give effect to the agreement and grant relief. Mitchell v. Fish, 97 Ark. 444, 134 S.W. 940, 36 L.R.A., N.S., 838; Delamour v. Roger, 7 La.Ann. 152; Bracken v. Bracken, 52 S.Dak. 252, 217 N.W. 192. This court in the recent case of Garza v. Fernandez, 74 Ariz. 312, 248 P.2d 869, recognized that where such an agreement was alleged and there was a possibility of proof thereof, summary judgment could not be granted. Such is not the situation in the case at bar. There is likewise authority for and against allowing recovery to the extent of contributions when the claimant has contributed the funds or a portion thereof for the purchase of the property. These authorities are not applicable to our problem.

■ Generally the conscience of the court is not aroused to invoke equitable powers to rescue those from the results of their illegal practices when that is the only basis for granting relief. The parties here not only violated the permanent established public policy of all society but also violated the express criminal statutes of the state of Arizona. Such is the consideration upon which appellant's claim is founded. It is not a question of an advantage having been taken of an innocent woman; it is not a question of enforcing an agreement independent of the illicit relationship; it is not a question of her purchasing property and placing the same in the name of the other, thereby calling for the invocation of the principles of resulting or constructive trust.

We cannot establish the precedent of assisting those who deliberately choose to substitute illegal cohabitation for lawful wedlock, especially when the only basis for such assistance is the mere fact that they have chosen such a status. .To do so would be the equivalent of giving legal sanction to illegal practices. Some courts go so far as not to permit relief to one who has paid the purchase price and placed the title in the name of the other. Creasman v. Boyle, 31 Wash.2d 345, 196 P.2d 835, 839, wherein that court stated:

"It seems to us, and we unhesitatingly say, that this case affords a perfect illustration of a situation where this court can, and should, declare that it will leave the parties exactly where it finds them with respect to their property rights, which is but another way of saying that property acquired in the manner shown by the evidence in this case must be regarded as belonging to the one in whose name the legal title to the property stands."

Other courts are more charitable where there is some agreement, such as an agreement to pool their earnings and share equally, or where claimant's funds have been contributed to the purchase price. Vallera v. Vallera, 21 Cal.2d 681, 134 P.2d 761, 763. In that case the court announces its position as follows:

"Plaintiff's lack of good faith in alleging the belief that she had entered into a valid marriage would not, however, preclude her from recovering property to which she would otherwise be entitled. If a man and woman live together as husband and wife under an agreement to pool their earnings and share equally in their joint accumulations, equity will protect the interests of each in such property. * * * Even in the absence of an express agreement to that effect, the woman would be entitled to share in the property jointly accumulated, in the proportion that her funds contributed towards its acquisition. * * *"

█ It is unnecessary for us to say, if presented with the appropriate fact situation, which of the two foregoing rules we would follow, but where as here there is nothing to base relief upon except the illegal relationship of the parties, we hold that the appellant is not entitled to the relief sought.

Judgment affirmed.

STANFORD, C. J., and PHELPS, LA PRADE and UDALL, JJ., concur.