340 P.2d 982

**Petra PEREZ, Appellant,**

**v.**

**O. R. TOMBERLIN, Lura B. Tomberlin, Francis Sanner, Lillian Sanner, C. V. Smith et ux., Robert A. Shirley et ux., Appellees.**

**No. 6727.**

Supreme Court of Arizona.

June 17, 1959.

Rehearing Denied July 14, 1959.

Thomas E. Goodale III, Tucson, for appellant.

John G. Pidgeon, Bisbee, for appellees.

UDALL, Justice.

The sole question presented by this appeal is whether the trial court properly granted defendants' motion for summary judgment on the basis of the record before

it, i. e., was there a genuine issue of material fact for determination?

Petra Perez as plaintiff brought this action against defendants O. R. Tomberlin et al. In count one she sought to quiet her title to the NE¼ of Section 1, T. 22 S., Range 20 East in Cochise County; and in count two, damages were asked for wrongfully ejecting her from said property. The trial court granted a motion for summary judgment on both counts, in favor of all defendants. This appeal followed. We shall refer to the parties by their designation below, i. e., plaintiff and defendants.

■■ We have repeatedly laid down the basic rules to be observed in determining motions for summary judgment. See, Northen v. Elledge, 72 Ariz. 166, 232 P. 2d 111; Stevens v. Anderson, 75 Ariz. 331, 256 P.2d 712; Whitfield Transportation v. Tucson Warehse & Transfer Co., 78 Ariz. 136, 276 P.2d 954. Inter alia we stated in these decisions that the court under such a motion does not try issues of fact but only determines whether the same are genuine and in good faith disputed. Furthermore we held the mere general statement in a pleading, when attacked by such motion supported by proof of specific facts in the form of affidavits, etc., places on the author of the statement the obligation to present something which will show that when the date of trial arrives, he will have some proof to support the allegations in the pleading.

■ We must first determine on this record what documents the court could properly consider in ruling upon said motion. Repeated reference is made in the briefs to a deposition. It appears that prior to trial the defendants, using an interpreter, took the deposition of plaintiff before L. B. Neff, a notary public, who is also court reporter of Cochise County. Deponent is a widow, seventy-three years of age, and does not speak English. When the deposition was written up she objected thereto upon the grounds she had misunderstood so many of the questions that the answers purportedly given "did not reveal her true state of mind at all" and this was attributed to the fact that the interpreter "did not speak her kind of Spanish." Her counsel in effect asked that the deposition be set aside unless her eight-page corrections thereto were allowed. (In substance the proposed corrections tell a story directly opposite to that shown by the original answers.) The court denied the petition to set aside the deposition and such ruling is not assigned as error. 16 A.R.S. Rule 30(f) of the Rules of Civil Procedure requires that a deposition be submitted to deponent for examination and signature unless the parties have stipulated that such requirements are waived. In the instant case there was no such waiver and the deposition is not signed. Therefore, neither the statements appearing in the deposition nor the proposed cor-

rections could be considered in determining the motion for summary judgment. We must assume the learned trial court was aware of this and did not consider either of them. Certainly there is nothing in the record—except the bald assertion of plaintiff's counsel—that such documents were taken into consideration. This left to be taken into account only the pleadings, affidavits and interrogatories hereinafter referred to.

Plaintiff's complaint appears to state a good claim for relief under A.R.S. § 12-1102, governing quiet title actions. The premises are described and the nature and extent of her estate is set forth, it being alleged that she had been in adverse possession for more than thirty years; that during this period she had claimed to own the same against the whole world and had paid the taxes levied thereon. However, the attempted verification of the complaint —which is specifically required by statute to be under oath—is hopelessly defective. The answer, in addition to certain general denials, asserts defendants are the owners of said property and have been continuously in possession thereof; as to count two it is alleged plaintiff voluntarily left the premises after the Sheriff had served her with a "notice to quit".

In support of their motion the defendants submitted five affidavits plus some reference to defendants' sworn answers to certain interrogatories propounded by plaintiff.

From these it appears defendant Tomberlin homesteaded the land in question, receiving a patent therefor dated September 22, 1916; since that time he has paid all taxes levied upon said property. Tomberlin stated that when plaintiff and her husband (since deceased) first moved onto the premises they did so by the oral authorization of his lessee Mr. Fry and they stayed thereafter for a time with his permission; that when he visited the property in the year 1934 the plaintiff was not living on said premises; on a later visit, in 1941 or 1942, she was living there but admitted to him she did not own the property and, when she learned he was the owner, begged for permission to remain thereon, which was granted upon her express promise that she would move at any time requested; at a later visit, in 1952, she again acknowledged his ownership and proffered to move when asked to do so; that prior to the commencement of this suit he had conveyed parcels of said land to the other defendants; that plaintiff voluntarily left the premises when she was served with a notice to quit.

Affiant Erwin Fry stated that in the early 1930's he and his father had an oral lease on the premises and were running their cattle thereon; that they gave plaintiff and her husband oral permission to use an old adobe house located thereon; at no time did the plaintiff ever say they intended to claim said property as their own.

70

Deputy Sheriff B. Moson made affidavit to the effect that he served plaintiff with a "notice to quit" on July 10 or 11, 1957, and that she stated she would move from the premises and that she did so a few days thereafter. County Treasurer F. C. Alexander deposed and said that he had examined the Cochise County tax rolls for the past forty years; that O. R. Tomberlin had, during all of said period, paid all taxes levied upon the real property in question and that plaintiff or her husband had never paid any real property taxes thereon, nor had either of them paid any personal property taxes on property located on said lands.

As against this mass of evidence adduced by defendants there stands the following lone affidavit submitted by plaintiff, viz.:

"Affidavit

"Petra Perez, being first duly sworn deposes and says:

"1. That she is the Plaintiff in Civil Action Number 17769;

"2. That in reference to the affidavit by Oscar R. Tomberlin filed in support of Defendants' motions for summary judgment and to dismiss Plaintiff admits paragraph one of Defendant Tomberlin's Affidavit; as to paragraphs two, three, four, five, six, and seven, Plaintiff does not have sufficient knowledge to form a belief;

"3. That Plaintiff denies Defendant Tomberlin's statements in paragraph eight that she said she did not own the property and that she begged for permission to stay on the land and that she promised to move at any time requested. To the contrary Plaintiff never promised anyone she would move because she considered the land as her own;

"4. That Plaintiff denies also that part of paragraph nine which alleges that she knew Defendant Tomberlin owned the land and that she begged permission to stay;

"5. That Plaintiff denies that part of paragraph ten in which Defendant Tomberlin affirms that Petra Perez acknowledged Defendant Tomberlin's ownership of the property in 1952 and stated she would move at any time;

"6. That Plaintiff admits that part of paragraph eleven in which Defendant Tomberlin says he asked Plaintiff to move, but denies that she wrote the letter attached to her Depositions;

"7. That in reference to paragraph twelve, Plaintiff admits she was served with a Notice to Quit but denies that she left voluntarily and affirms that she left under duress resulting in personal injury to Plaintiff;

"8. That Plaintiff has been paying taxes for considerably more than ten years on the land described as follows:

(Description omitted)

and in addition has also paid taxes on the adobe house located on said land plus taxes on certain personal property; that Plaintiff owns said real property in fee simple absolute by adverse possession since she has been claiming it as her own for more than twenty years; that Plaintiff denies that any of the Defendants have any interest whatsoever in said land.

"/s/ Petra Perez"

The pertinent evidence, pro and con, relative to defendants' motion for summary judgment is to be tested by the principles of law heretofore stated. The supporting affidavits and answers to interrogatories by defendants and their witnesses were clearly strong enough to cast grave doubts upon the assertions found in plaintiff's unverified complaint. It was therefore necessary for her to controvert this opposing evidence in order to preclude the granting of said motion.

Plaintiff's affidavit appears to be negative in context, that is, it tends to answer rather than assert. Certainly it is not in precise and distinct terms. Furthermore, the last portion thereof is merely general conclusions without any supporting factual basis.

It is fundamental that an affidavit, by its very nature, must be affirmative and present sufficient materials to show there is a triable issue of material fact. See the leading case of Engl v. Aetna Life Ins. Co., 2 Cir., 139 F.2d 469; 6 Moore's Federal Practice, § 56.11(3); 41 Am.Jur., Pleading, § 172.

The trial court evidently concluded, and we think correctly so, that plaintiff's affidavit filed in response to the showing made by defendants, in reality failed to raise any genuine issue of fact. In other words, the meager facts set forth therein were found to be most unsubstantial and not in good faith disputing the factual predicate made by defendants. As we pointed out in Stevens v. Anderson, supra, if the party against whom a motion for a summary judgment is directed wants to stay in court he cannot withhold an appropriate showing until time of trial.

Judgment affirmed.

PHELPS, C. J., and STRUCKMEYER, JOHNSON and BERNSTEIN, JJ., concur.