369 P.2d 92

**Arthur O. SARTI, Appellant,**

v.

**Stewart L. UDALL and Morris K. Udall, Appellees.**

No. 6766.

Supreme Court of Arizona,

En Banc.

Feb. 28, 1962.

Rehearing Denied April 3, 1962.

Glenn Ginn, Tucson, for appellant.

Chandler, Tullar & Udall, Tucson, for appellees.

BERNSTEIN, Chief Justice.

Arthur O. Sarti, hereinafter called "plaintiff," filed a complaint against his attorneys Stewart L. Udall and Morris K. Udall, as a partnership, for the alleged negligence of Morris K. Udall, hereinafter called "defendant", in the matter of defending plaintiff. He alleged he hired defendant as his attorney to represent him in an action wherein the plaintiff's wife sought a divorce. During the negotiations leading to a property settlement agreement, plaintiff insisted that the carport, held by him and his spouse in joint tenancy, be divided equally and so instructed his attorney. The defendant on that understanding had opposing counsel prepare the property settlement agreement. The defendant admits that plaintiff was reluctant to sign the agreement when presented to him, but did so after the defendant assured him the instrument he was signing would give him title to one-half of the carport. Thereafter it was determined that the legal description contained in such agreement did not give plaintiff title to any of the carport.

The defendant filed a general denial to plaintiff's complaint and moved for summary judgment supported by four affidavits and plaintiff's deposition on the ground that there was no genuine issue of a material fact to be tried. Plaintiff filed a controverting affidavit. Judgment was granted for the defendant, and this appeal followed.

The sole question presented is whether the trial court correctly entered summary judgment for defendant.

A motion for summary judgment should not be granted if upon an examination of the entire record it is determined that there is a disputed fact which, if true, could affect the final judgment. Therefore, the question becomes whether a genuine issue of fact is presented by the record, and not, if one exists, how it should be decided.

Northen v. Elledge, 72 Ariz. 166, 232 P.2d 111 (1951). A motion for summary judgment is not a trial by affidavits. Peterson v. Valley National Bank, Ariz., 368 P.2d 317 (No. 7067 decided January 24, 1962).

◼ In resolving the question framed above, the record must be viewed in the light most favorable to the party opposing the motion for summary judgment. Peterson v. Valley National Bank, supra. Plaintiff alleges in his complaint, affidavit and deposition that defendant was negligent in respect to the property settlement agreement, to wit: that defendant after being instructed by plaintiff to obtain for him title to half of the carport assured plaintiff that the agreement as drawn gave plaintiff just that.

◼ An attorney is required as respects his client to exercise such skill, care and diligence as are common in such matters as professional employment.

"When a person adopts the legal profession and assumes to exercise its duties in behalf of another for hire, he must be understood as promising to employ a reasonable degree of care and skill in the performance of such duties; and if injury results to the client from a want of such a degree of reasonable care and skill, the attorney may be held to respond in damages to the extent of injuries sustained. * * * if he [attorney] acts with a proper degree of skill and with reasonable care and to the best of his knowledge, he will not be held responsible." National Savings Bank of District of Columbia v. Ward, 100 U.S. 195, 25 L.Ed. 621 (1880).

◼◼ Good faith must exist on the part of the attorney toward his client and when this is shown, the absence or presence of reasonable skill and diligence must in each case be determined by its own facts. What may be a reasonable degree of care and skill in the performance of an attorney's duty must be decided in the light of all the facts and circumstances of the case. It is exceedingly difficult, if not utterly impossible, to lay down any general rule which would control the measure of the liability in all cases. Based on the record in this case a material issue of fact is presented as to whether the defendant employed a reasonable degree of care and skill in the performance of his duties and it was error of the trial court to resolve such issue by affidavit.

Reversed and remanded for trial.

LOCKWOOD, J., and CHARLES P. ELMER, Superior Court Judge, concur.

NOTE: UDALL, V. C. J., having disqualified himself, the Honorable CHARLES P. ELMER, Judge of the Superior Court of Mohave County, Arizona, was called to sit in his stead and participate in the determination of this appeal.

STRUCKMEYER, Justice (concurring).

The issue here is whether summary judgment was properly directed where the defendant's affidavits set forth that there had been compliance with the customary standard of practice in the community of Tucson, Arizona. While conformity to practices in a business or occupation affords a basis for an inference that due care was exercised, customary methods or conduct do not furnish a test which is conclusive on the question of negligence nor fix a controlling standard by which negligence must be gauged. The Supreme Court of California in Leonard v. Watsonville Community Hospital, 47 Cal.2d 509, 305 P.2d 36, 42, succinctly stated the rule applicable:

> "* * * These defendants seek to avoid liability on the theory that they were required to exercise only that degree of skill employed by other hospitals and nurses in the community. It is a matter of common knowledge, however, that no special skill is required in counting instruments. Although under such circumstances proof of practice or custom is some evidence of what should be done and may assist in the determination of what constitutes due care, it does not conclusively establish the standard of care. [Citing cases] 'General negligence cannot be excused on the ground that others in the same locality practice the same kind of negligence.' Ales v. Ryan, 8 Cal.2d 82, 100, 64 P.2d 409, 418."

Here defendant did not check the description to determine whether it described the property which Sarti was to receive. As stated, the affidavits on motion for summary judgment set forth that it was the custom and practice of the lawyers in the community of Tucson to rely upon opposing lawyers to correctly and accurately describe property in deeds and other instruments. The jury might find without the aid of experts that under all the facts and circumstances of this case such failure constituted negligence in that defendant did not exercise such reasonable care as known conditions required.

This is not an instance which relates to the exercise of judgment in the application of skill and learning. Whether ordinary care and diligence in applying professional skill and learning has been used is a question for experts and can only be established by their testimony. Stallcup v. Coscarart, 79 Ariz. 42, 46, 282 P.2d 791.

JENNINGS, Justice (dissenting).

I cannot concur with the majority. An obligation is placed upon the party resisting a motion for summary judgment to present proof of the facts that raise a material issue. Hale v. Brown, 84 Ariz. 61, 323 P.2d 955. To determine whether an issue has been raised, all the moving papers filed by the defendant and the controverting papers filed by the plaintiff must be carefully examined.

The affidavit filed by plaintiff did not raise the issue of negligence. It is elemen-

tary that an affidavit must set forth facts that would be admissible in evidence and show affirmatively that the affiant is competent to testify. Rule 56(e) Arizona Rules of Civil Procedure, 16 A.R.S. A lay person cannot testify as to the required standards for a professional man. Plaintiff's assertion that the defendant was negligent certainly was not sufficient. On the other hand, the affidavits of two qualified attorneys stated that the conduct complained of, in their opinion, did not amount to negligence.

Nor is a mere allegation of negligence in a pleading when attacked by a motion for summary judgment sufficient to raise an issue. Perez v. Tomberlin, 86 Ariz. 66, 340 P.2d 982; Stevens v. Anderson, 75 Ariz. 331, 256 P.2d 712. See also Hale v. Brown, supra. For, in the Stevens case, this court stated:

"When motion for summary judgment is presented, it becomes the duty of the trial court to examine the entire record and determine whether there is any disputed material fact which if true could have a bearing on the kind of final judgment which under the law should be rendered. If it appears that competent evidence will be submitted tending to prove or disprove such material fact, the determination of the existence thereof must depend upon the evidence submitted at the trial. The court does not try issues of fact, but only whether the same are genuine and in good faith disputed. *The mere general statement in a pleading, when attacked by such motion [for summary judgment] supported by proof of specific facts in the form of affidavit or deposition, places on the author of the statement [Sarti, in the instant case] the obligation to present something which will show that when the date of trial arrives, he will have some proof to support the allegation in the pleading.* He cannot withhold this showing until the time of trial. He has not the right to say that he has made a negative or contradictory allegation and has therefore created a genuine issue *and might have evidence to support it.* * * * To permit such proceeding would defeat the very purpose of summary judgment practice. * * * *This practice was established for protection against compelling one to submit to the delay, expense and harassment of litigation upon mere assertions, when it is shown that competent evidence cannot be presented to prove same."* 75 Ariz. at 333, 256 P.2d at 713. (Emphasis supplied.)

The majority opinion completely ignores the principles laid down in this case for after a very extensive search of the record I find no more than a mere allegation of negligence by the plaintiff. In support of such allegation plaintiff offered no evidence, but merely stated that he " * * * verily believe[d] that at a trial of this cause he

* * * [would] be able to assemble sufficient oral and documentary evidence to substantiate his contention * * *." Such a showing wholly fails to meet the requirements laid down in Stevens v. Anderson, supra. See also Perez v. Tomberlin, supra. The time to assemble such information was before the hearing on the motion. The plaintiff had the obligation to present something which would show that when the date of trial arrived he would have some proof to support the allegation in the pleading. He was given more than the usual time to do so. Since he failed to, summary judgment was proper.

The judgment of the trial court should be affirmed.