370 P.2d 56

Albert B. COLBY, Ray B. Lucas and Arnold J. Grasmoen, Receivers of Arizona Savings and Loan Association, Appellants,

v.

BANK OF DOUGLAS, a corporation, Appellee.

No. 7290.

Supreme Court of Arizona.

In Division.

March 21, 1962.

David J. Perry, Ralph G. Smith, Jr., and Allan J. Stanton, Phoenix, for appellants.

Ryley, Carlock & Ralston, Phoenix, for appellee.

STANFORD, Superior Court Judge.

This is an appeal from an order granting summary judgment in an action brought by the plaintiff Bank of Douglas against the Receivers of the Arizona Savings and Loan Association.

The summary judgment was based upon the plaintiff's affidavit which stated the following facts: On June 12, 1959, one Walter L. Varner, Jr., presented to the Bank of Douglas a check for $2,000.00 drawn by Arizona Savings and Loan Association upon the First National Bank of Arizona payable to the order of Varner; the payee endorsed the check in blank and delivered it to the Bank of Douglas for a valuable consideration, to-wit, the issuance of a draft drawn by the Bank of Douglas upon the Hanover Bank and payable to said Varner; the Bank of Douglas presented the said check for payment by forwarding it through normal channels to First National Bank of Arizona; the check was not paid and was dishonored by reason of an order of the Superintendent of Banks stopping payment thereon; and that the Bank of Douglas received the check drawn by Arizona Savings and Loan Association complete and regular on its face in good faith and without notice of any infirmity or defect.

The defendants filed an affidavit concerning the issuance of the check to Varner by the Arizona Savings and Loan Association without his having made any prior application for withdrawal of funds, and pointing out § 6-420 A.R.S. which provides

that a shareholder give at least thirty days notice prior to such withdrawal.

In their unverified answer filed subsequent to the filing of plaintiff's affidavit the defendants included an allegation on information and belief that the check was presented to the Bank of Douglas for collection only and that the Bank in accepting the check from Varner acted only as the collection agent.

On July 8, 1960, plaintiff moved for and was granted a summary judgment. The law is well settled that a summary judgment should never be entered unless the facts are clear and undisputed. Phoenix Feed & Seed Co. v. Adams, 78 Ariz. 292, 279 P.2d 447 (1955).

The facts alleged in the pleadings are not the sole factors to be considered in passing on a motion for summary judgment; all those shown by the record as it stands when a motion is made, or submitted, enter into the matter. Suburban Pump & Water Co. v. Linville, 60 Ariz. 274, 135 P.2d 210 (1943).

The mere statement in a pleading, when attacked by a motion for summary judgment supported by proof of specific facts in the form of an affidavit or deposition, places on the author of the statement the obligation to present something which will show that when the date of trial arrives, he will have some proof to support the allegations in the pleadings. He cannot withhold this showing until the time of trial. Stevens v. Anderson, 75 Ariz. 331, 256 P.2d 712 (1953); Hale v. Brown, 84 Ariz. 61, 323 P.2d 955 (1958); Perez v. Tomberlin, 86 Ariz. 66, 340 P.2d 982 (1959).

The defendants did not meet this obligation by presenting proof in the form of affidavits to show that there is an issue of facts. The conclusionary statements in their unverified answer do not indicate that they have any evidence which would support their allegations.

However, the defendants claim that the plaintiff's affidavit of February 11, 1960, conflicts with the allegations of his earlier complaint, and that the facts set out in the complaint do not show that the plaintiff was a holder in due course.

The complaint alleged that on June 12, 1959, the Arizona Savings and Loan Association drew a check for $2,000.00 upon the First National Bank of Arizona payable to Walter L. Varner, Jr.; that the check was presented at the Yuma Downtown Branch of the Bank of Douglas and forwarded to the First National Bank of Arizona for collection; that payment on said check was refused by reason of an order of the Superintendent of Banks of the State of Arizona; that the check was redelivered to the Bank of Douglas and returned to the payee

Varner; and that thereafter, for valuable consideration, the plaintiff purchased the check from the payee and took a written assignment thereof.

The defendants' contention raises the question whether we can consider an affidavit which conflicts with the complaint. There are times when on a motion for summary judgment affidavits going beyond the complaint can be considered. The judgment finally disposes of the action, and if facts appear in affidavits which would justify an amended complaint, there may be ground for treating the complaint as though it were already amended to conform. State of Arizona v. Barnum, 58 Ariz. 221, 118 P. 2d 1097 (1941); Seaboard Terminal Corp. v. Standard Oil Co., 104 F.2d 659 (2d Cir. 1939). No purpose could be served by our remanding the case to the trial court for the sole purpose of amending the complaint. Therefore we will treat the plaintiff's complaint as though it had been amended to conform to the affidavit, as the trial court did.

It is clear that the facts set forth in the plaintiff's affidavit show that plaintiff was a holder in due course. Section 44-452 A.R. S. states the requirements for being a holder in due course. They are as follows:

"1. That it is complete and regular upon its face;

"2. That he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact;

"3. That he took it in good faith and for value;

"4. That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it."

According to the proof set out in the plaintiff's affidavit the Bank received the check on June 12, 1959, and gave value therefor in the form of a draft drawn against an account in the Hanover Bank. There was no deposit to any account, therefore there was no tentative credit given. All requirements set forth in § 44-452 A.R.S. were met by the plaintiff's affidavit. Cf. Peoples Savings Bank v. Smith, 210 Iowa 136, 230 N.W. 565, 69 A.L.R. 339 (1930) and cases cited annot. 69 A.L.R. 408 (1930).

The defendants insist that even if the plaintiff was holder in due course, failure of the Officers of Arizona Savings and Loan to comply with § 6-420 A.R.S. and By-Laws of the Association governing withdrawals, and the insolvency of the Association, should prevent plaintiff's recovery.

The rule is well established that a negotiable instrument given in an illegal transaction is nevertheless enforceable in the hands of a holder in due course unless

expressly made void by statute. Hughes Bros. Mfg. Co. v. Cicero Trust & Savings Bank, 24 F.2d 199 (5th Cir. 1928); Bank of Balboa v. Benneson, 122 Cal.App. 121, 9 P. 2d 540 (1932) and cases cited 10 C.J.S. Bills and Notes § 502. We have not been cited to any statute which makes checks issued for immediate payments of withdrawals from savings and loan associations void. Even if we were to accept the defendants' view that payments of withdrawals made before the thirty day notice period expires violate § 6–420 A.R.S., this alone is not a sufficient defense against a holder in due course. The same is true of defendants' argument that the association could not legally pay withdrawals while it was insolvent. Where there is no statute making checks issued in payment of such withdrawals void, the defense of illegality is not available against a holder in due course.

■ The plaintiff has pleaded a fact situation entitling it to recover on its claim. The defendants have failed to show that there is any genuine issue of material fact. The granting of the summary judgment was therefore proper, 16 A.R.S.R.Civ.P. 56(c) and (e), Stevens v. Anderson, 75 Ariz. 331, 256 P.2d 712 (1953).

The judgment is affirmed.

BERNSTEIN, C. J., and JENNINGS, J., concur.