377 P.2d 192

**Bessie LOWTHER, Appellant,**

v.

**HOPPER TRUCK LINES, a Corporation, and Juanita E. McKinley, Appellees.**

**No. 7015.**

Supreme Court of Arizona,

En Banc.

Dec. 19, 1962.

Bayham & Huffsteter, Phoenix, for appellant.

Snell & Wilmer, Phoenix, for appellee Hopper Truck Lines.

Kramer, Roche, Burch & Streich, Phoenix, for appellee Juanita E. McKinley.

BERNSTEIN, Chief Justice.

Appellant was plaintiff in the trial court in an action for damages resulting from an automobile accident. In their answer to the complaint defendants-appellees set up a release signed by the plaintiff. In response

-to a request for admissions the plaintiff admitted she had signed the release but denied that it was genuine. The defendants move for summary judgment based on the release. Plaintiff met the motion for summary judgment with an affidavit stating that the release was procured by the fraud and undue influence of an insurance adjuster acting in defendants' behalf and that as the consideration for the release was wholly inadequate the release was void.

Plaintiff alleged that the actions of the insurance adjuster were fraudulent in that (1) the adjuster got the confidence of the plaintiff by professing great friendship for her and interest in her welfare; (2) the adjuster told the plaintiff he felt sorry for her and wanted to do all he could to get her compensation; (3) the adjuster told the plaintiff that the insurance company represented by the adjuster was a big company and that plaintiff could not afford to fight them; (4) the adjuster told the plaintiff that the company retained the best lawyers and if plaintiff hired a lawyer she would get nothing; (5) the adjuster told the plaintiff that even if plaintiff had a lawyer and was lucky enough to recover, her lawyer would take most of the money and plaintiff would end up with less than the adjuster could get for her; (6) the adjuster told the plaintiff that the defendants were not legally liable for plaintiff's injuries but as the adjuster was sorry for her he would try to get the insurance company to pay her

something; (7) that the plaintiff was in pain and was emotionally disturbed when the adjuster was influencing her; and (8) plaintiff alleged special damages of more than $2,600.00. She was paid a total of $2,100.00 by the insurance adjuster.

Appellees argue that as fraud is an affirmative defense, it must always be specially pleaded and as plaintiff did not plead fraud, she may not rely on it to defeat the release. This exact point was decided adversely to appellees in Bohmfalk v. Vaughan, 89 Ariz. 33, 39–40, 357 P.2d 617, 622, in which this Court held that a plaintiff need not plead fraud in order to introduce evidence of fraud for the purpose of avoiding the effect of a document contained in defendants' answer and relied on by defendant as a defense:

"However, in this case the plaintiff was only required to plead his affirmative defense of fraud if a reply was absolutely necessary under the rules of procedure as it is not incumbent upon the party filing a complaint to anticipate an affirmative defense which the answer may disclose. Therefore if it was not mandatory under the rules that the plaintiff file a reply, it can hardly be said that any affirmative defense was waived by a failure to enter a reply."

Appellees also argue that the affidavit does not set out facts to support all of

the elements of fraud. We point out that it is not necessary for the party opposing a motion for summary judgment to come forward with all his proof to defeat the motion. It is sufficient if the party asserts a disputed fact which, if proved true, could affect the final judgment. Sarti v. Udall, 91 Ariz. 24, 369 P.2d 92.

■ Plaintiff alleged, among other things, that the adjuster said defendants were not legally liable, advised her that for her to see a lawyer would be useless, and obtained the release from her while she was emotionally disturbed. In like circumstances this Court has held that a jury could find that an insurance release was procured by fraud:

"The fact that the matter was discussed with him [father of the deceased] even before the funeral arrangements had been made might have appealed to the jury as pressing the matter with undue haste and as being prompted by a desire to get the release before appellees had had an opportunity to consult counsel as to their rights, and, if this be true, the jury could have concluded that the statements that the accident was the boy's own fault and that appellees would get nothing out of it did not represent the real belief of those making them, but resulted largely from fear of the result of an action and was intended to mislead. That they were not true is conclusively shown by the jury's verdict and by the implied admission of liability by the defendant's failure to offer any defense on the merits as well as by its payment of some consideration for the release. We think the Supreme Court of Oregon, in the case of Woods. v. Wikstrom, 67 Or. 581, 135 Pac. 192, correctly states the law in a situation of this kind in the following language, to wit:

" 'If the defendant represented to the the plaintiff, in order to prevail on him to execute the release, that the accident was unavoidable, and that he had no cause of action against him, without believing said representations to be true, and the plaintiff believed said representations, and, so believing, executed the release, such representations constituted fraud and vitiated said release, if the representations were false.' " Pacific Gas and Electric Co. v. Almanzo, 22 Ariz. 431, 440–441, 198 P. 457, 460.

See also: Anno.: Avoidance of release of claim for personal injuries on ground of misrepresentation as to matters of law by tortfeasor or his representative insurer, 21 A.L.R.2d 272.

In our opinion, plaintiff's affidavit is sufficient to raise a question of fact as to whether the release was valid.

Reversed and remanded for further pro-·ceedings not inconsistent with this opinion.

UDALL, V. C. J., and STRUCK-MEYER, JENNINGS and LOCKWOOD, JJ., concurring.