416 P.2d 414

Camille **LUPLOW** and Estella Clark Bradco, Appellants,

v.

**PASQUALETTI PROPERTIES, INC.,** an Arizona corporation (dissolved), Amos Pasqualetti, Tony Pasqualetti, Victor F. Krohn, Guardian of Ben Pasqualetti, Jr., also known as B. Pasqualetti, and Rose Pasqualetti Jenkins, Appellees.

No. 7781.

Supreme Court of Arizona.

In Banc.

July 7, 1966.

R. G. Langmade, Thomas F. Tobin, and Allan K. Perry, Phoenix, for appellants.

Fennemore, Craig, Allen & McClennen, Phoenix, for appellees Pasqualetti Proper-

tics, Inc., Amos Pasqualetti, Tony Pasqualetti and Victor F. Krohn.

Allen, Fels & Thompson, Jerry L. Angle, Phoenix, for appellee Rose Pasqualetti Jenkins.

T. J. MAHONEY, Judge.

Appellants, hereinafter called plaintiffs, appeal from an order granting summary judgment in favor of appellees, hereinafter called defendants.

The plaintiffs in this action seek to impose a constructive trust. The parties involved are the children of Vittorina Pasqualetti. She was first married to a man named Perazzo. This couple had six children, one of whom is now deceased, and two of them are the plaintiffs in this suit. After the death of Mr. Perazzo, Vittorina married Ben Pasqualetti, Sr. There were four Pasqualetti children, Rose, Amos, Ben and Tony, all of whom are defendants in this suit.

Vittorina died on August 1, 1949. Approximately one year before her death, on September 13, 1948, she conveyed certain property described in the complaint to her sons Amos and Tony. This conveyance was by warranty deed. In November, 1949, Amos and Tony transferred the property in question to a corporation that they had created, Pasqualetti Properties, Inc. This deed was recorded in December of 1949 some thirteen years ago. Neither of the plaintiffs have or ever have had any interest in the Pasqualetti Properties, Inc.

The plaintiffs allege that Vittorina conveyed the property in 1948 because of a long-standing and confidential relationship and reposing special confidence and trust in her two sons and that said property was to be held in trust for the use and benefit of all her children with no provision or requirement that one child receive more than the other. They further alleged that the property was transferred to the corporation for the purpose of carrying out the trust and that the corporation also held such property in trust and that the property was so held in trust until June, 1960, when Amos and Tony, as individuals and as directors of the corporation, violated and repudiated the obligation of their trust by disregarding the rights and interests of the plaintiffs as trust beneficiaries.

The defendants filed a motion for summary judgment, attaching affidavits of Tony and Amos denying the trust. The plaintiffs in controverting said motion filed the affidavit of Camille Luplow. The affidavit of Camille Luplow merely states that her mother did not understand or read English well; that she placed her trust and confidence in her sons, Amos and Tony; that at the time of the conveyance her mother was suffering from cancer and was upset over the condition of her son, Ben; that no revenue stamps were attached to the deed and alleges that the deed was not intended as a gift.

Camille was not present at the time the deed was executed. She does not allege nor is there any indication that the conveyance to the sons was procured by fraud; nor does she allege there was a promise, oral or otherwise, by the sons to their mother that the property would be held for the benefit of anyone.

The plaintiffs also relied upon other documents which, even if admissible, do not give rise to a conclusion that a trust or, more particularly, a trust for the benefit of the plaintiffs ever existed.

■ It is well settled that summary judgment should not be granted unless it is definitely established by the record that there is no genuine issue of fact and the moving party is entitled to judgment as a matter of law. This principle was succinctly stated in Byrnes v. Mutual Life Insurance Company of New York, 217 F.2d 497 (9th Cir.), cert. denied 348 U.S. 971, 75 S.Ct. 532, 99 L.Ed. 756, wherein the Court stated:

"The object of the procedure for summary judgment is not *to determine* an issue, but whether or not *there is an issue* to be tried." 217 F.2d at 500. (Emphasis in original.)

The plaintiffs cite and the defendants do not dispute the principle that the party opposing the motion for summary judgment need not come forward with all his proof to defeat the motion. It is sufficient if the party asserts a disputed fact which, if proved true, could affect the final judgment. Lowther v. Hopper Truck Lines, 92 Ariz. 344, 377 P.2d 192; Sarti v. Udall, 91 Ariz. 24, 369 P.2d 92.

However, a mere general statement in the pleading, when attacked by a motion for summary judgment supported by proof of specific facts in the form of affidavits, places on the author of the pleading an obligation to present something which will show that, when the trial arrives, he will have some proof to support the allegations of his pleading. Perez v. Tomberlin, 86 Ariz. 66, 340 P.2d 982; Stevens v. Anderson, 75 Ariz. 331, 256 P.2d 712.

A constructive trust expresses the idea that a defendant is under an equitable duty to give the complainant the benefit of property held. The defendant must have acquired legal title under circumstances which make it inequitable that he be allowed to retain the property. Markel v. Phoenix Title & Trust Co., 100 Ariz. 53, 410 P.2d 662.

It is in the light of these principles that this Court must review the action of the trial court.

The plaintiffs do not indicate there is any evidence which was or could be presented at the time of trial to the effect that their mother indicated to anyone at any time her intention to convey the property in trust for any particular purpose. Both Amos and Tony have clearly stated in their affidavits that their mother never asked them to hold the property in trust and that they at no time stated they would hold said property in trust. These statements are uncontradicted. Assuming the truth of the allegations in Camille's affidavit, there could be no disputed fact from which reasonable men could infer that it is inequitable for defendants to retain the property in question.

For the above and foregoing reasons, we feel there are not sufficient allegations of fact presented by the plaintiffs to create an issue and therefore the action of the trial court is hereby affirmed.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and UDALL and McFARLAND, JJ., concur.

NOTE: Justice LORNA E. LOCKWOOD, having disqualified herself, the Honorable T. J. MAHONEY, Judge of the Superior Court of Pinal County, Arizona, was called to sit in her stead and participate in the determination of this appeal.