425 P.2d 856

**John BIONDO and Constance Biondo, husband and wife, Appellants,**

**v.**

**GENERAL MOTORS CORPORATION, a Delaware corporation and Courtesy Chevrolet, an Arizona corporation, Appellees.**

**No. I CA–CIV 339.**

Court of Appeals of Arizona.

April 6, 1967.

Rehearing Denied May 1, 1967.

Review Denied May 23, 1967.

Alan Philip Bayham and Raymond Huffsteter, Phoenix, for appellants.

Snell & Wilmer, by Roger W. Perry, Arthur P. Greenfield, Phoenix, for appellee, General Motors Corp.

Gust, Rosenfeld & Divelbess, by Richard A. Segal, Phoenix, for appellee, Courtesy Chevrolet.

STEVENS, Judge.

The plaintiffs are the appellants. The defendants are the appellees, and will be referred to as General Motors and as Courtesy. General Motors and Courtesy filed separate motions for summary judgment. Both motions were granted and judgments were entered pursuant thereto. This appeal followed. The record discloses an insufficient presentation of issues and a consequent abandonment of the appeal in relation to the judgment in favor of Courtesy. We will limit our consideration of the issues presented in relation to the judgment in favor of General Motors.

The basic question before us is whether it was error to grant a defendant's motion for summary judgment when the moving party offered no affidavits or exhibits in support of the motion, but relied upon a claimed failure of the plaintiffs to establish facts which would warrant a trial. The complaint filed by the plaintiffs was not verified and General Motors placed all material allegations in issue. The complaint alleged that on 31 October 1961, the plaintiffs purchased a used Chevrolet from Courtesy and that the car was sold,

" * * * with a new car warranty issued by defendant, General Motors Corporation, and Courtesy Chevrolet who warranted same as being free of defects and as being in first class condition, usable and serviceable in every respect."

It is further alleged that the car was defective and that the defendants " * * * knew or should have known from an inspection of same" that it was defective. The complaint set forth that while Mrs. Biondo was driving the car in a careful manner on 1 May 1962, "the car suddenly and without warning went out of control and turned over because the rear axle of said automobile snapped and punctured the right, rear tire of said automobile." They sought recovery from both defendants based upon the asserted "negligence, carelessness, and breach of warranty of the defendants".

The complaint was filed on 14 October 1963. General Motors submitted three sets of interrogatories, the first being submitted on 24 October 1963 and the second on 21 April 1965. General Motors took the deposition of each of the plaintiffs on 21 May 1965 and the deposition was followed by the third set of interrogatories filed on 6 June 1965. The only effort of the plaintiffs in the field of discovery was by their request for admissions addressed to General Motors under date of 15 June 1965. General Motors did not admit any of the matters set forth in the request.

On 22 July 1965, General Motors filed its motion for summary judgment which was argued and taken under advisement of 9

September. In the meantime, the trial court issued its order setting the date of the pretrial conference for 20 September. Preparatory to the pretrial conference, the plaintiffs filed their pretrial memorandum wherein they set forth in part:

"IV LIST OF AND DESCRIPTION OF EXHIBITS PLAINTIFF EXPECTS TO USE AT TIME OF TRIAL.

(a) Warranty;

(b) Advertisements,

* * * * * *

(d) Salvage of Automobile"

The pretrial was held as scheduled and on 29 September the trial court entered its minute entry order as follows:

"This matter having been under advisement on the motion of the defendant General Motors Corporation and the Court having considered the same and further the Court having conducted a Pre-trial at which counsel for plaintiffs and General Motors were present, and it appearing that the plaintiffs have no new or additional evidence to present other than that which is already presented in the depositions and answers to interrogatories; the Court finds that there is no genuine issue of fact and that taking all the facts most favorable to the plaintiffs they do not support a claim for relief either under negligence or a warranty theory, now therefore,

It is Ordered that the motion of the defendant General Motors Corporation for summary judgment is granted.

In view of the foregoing disposition, no formal Pre-trial Order will be prepared in this cause."

A formal written judgment in favor of General Motors followed.

Apparently the time for Courtesy to answer was continued by agreement of counsel and the first appearance of Courtesy was the filing of its motion for summary judgment on 3 November 1965. Courtesy did not participate in, and was not noticed to participate in, any proceedings, discov-

ery, motions or the pretrial conference prior to this date. The Courtesy motion for summary judgment was granted and judgment was entered. A timely notice of appeal was filed in relation to the judgments in favor of both of the defendants and we have heretofore stated our disposition of the appeal as to the judgment in favor of Courtesy.

■■■■■ It is a well established rule in the appellate consideration of the review of a judgment sustaining a motion for summary judgment that "the record must be viewed in the light most favorable to the party opposing the motion for summary judgment". Sarti v. Udall, 91 Ariz. 24, 369 P.2d 92 (1962). Another well established rule in considering the review of a judgment of this nature is that "[a] summary judgment should not be granted when there is an issue of fact, nor where there is the slightest doubt as to the facts". Lujan v. MacMurtrie, 94 Ariz. 273, 383 P.2d 187 (1963).

In our opinion it is appropriate to first review the procedural rules applicable to this case. Arizona adopted its Rules of Civil Procedure effective 1 January 1940. The Arizona Rules follow the Federal Rules with minor changes designed to meet Arizona requirements. Many of our rules bear the same numbers as do the Federal Rules. The Rules have been amended from time to time to keep pace with changes in the Federal Rules. The Arizona Rules are found in Volume 16 of the Arizona Revised Statutes and afford many trial preparation and discovery devices. Many of these are inexpensive in relation to the outlay of money though they may be time consuming for the attorney. The decisions of the Arizona Supreme Court in relation to the use of discovery devices have not been restrictive.

Rule 26, and succeeding rules, relate to depositions. Parties and witnesses may be deposed. Depositions can be taken by the use of oral examination or by written interrogatories. Where a deposition is taken by oral examination, the same need not be transcribed and filed unless it is to be used in the trial.

Rule 33 authorizes the use of written interrogatories addressed to parties as distinguished from Rule 26 depositions by the use of written interrogatories. Rule 33 interrogatories may be used in addition to depositions.

Rule 34 relates to the procedure whereby parties may inspect physical objects and may inspect and copy papers.

Rule 36 permits written requests addressed to parties to the action seeking admissions of fact and the genuineness of documents.

Rule 56 is the rule relating to summary judgments. This rule is quoted in part:

"56(b) For defending party. A party against whom a claim, * * * is asserted * * * may * * * move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof."

"56(c) Motion and proceedings thereon. * * * The judgment sought shall be rendered forthwith if the pleadings, deposition, answers to interrogatories, and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the moving party is entitled to a judgment as a matter of law. * * *"

 *          *          *          *          *          *

"56(e) Form of affidavits; further testimony; defense required. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. * * * The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this Rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by,

affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

"56(f) When affidavits are unavailable. Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."

Rule 16 relates to pretrial conferences and is quoted in part as follows:

"Rule 16. Pre-trial procedure; formulating issues

"16(a) Formulating issues. In any action, the court may in its discretion direct the attorneys for the parties to appear before it for a conference to consider:

* * * * * *

"3. The possibility of obtaining admissions of fact and of documents which will avoid unnecessary proof;

* * * * * *

"16(b) Disposition of motions; overruling by setting trial. No civil action shall be heard on its merits until all motions are disposed of, but the setting of an action for trial shall be deemed an overruling of all motions pending."

The foregoing rule is supplemented by Rule 6 of the Uniform Rules of Practice, 17 A.R.S. Portions of this rule are quoted:

"UNIFORM RULES OF PRACTICE

"VI. Pretrial Conferences

(a) Pretrial memoranda. Each attorney shall serve and file with the court, at least five days prior to the date of the pretrial conference, a memorandum containing the following information:

* * * * * *

"(3) A list of all exhibits which he expects to offer at the trial, together with a description sufficient to identify each exhibit.

* * * * * *

"(b) Appearances and exhibits. Each attorney who will actually try the case shall attend the pretrial conference and there produce all exhibits * * *. Counsel shall not offer any other exhibits at the trial, except when offered for impeachment purposes or when otherwise permitted by the trial court in the interest of justice. * * *"

The aforesaid rule, as of the time in question, required that the case be set for trial as a part of the pretrial order.

A review of the numerous decisions of the Arizona Supreme Court and the Court of Appeals in relation to Rule 56 matters reflects that it is the opinion of these Courts that the rules are clear.

We have carefully reviewed the entire record in the light most favorable to the plaintiffs against whom summary judgment was granted. We do not deem it necessary to quote extensively from the depositions or from the answers to the Rule 33 interrogatories.

## THE WARRANTY

The plaintiffs allege a new car warranty. On deposition they stated that a new car warranty had been issued, that it was left in the automobile at the time of the accident, that the car was removed from the scene of the accident by Courtesy and that the car has remained in the possession of Courtesy since the accident. The record is silent as to any effort to secure this vital document. In their pretrial memorandum, the plaintiffs recited that they would introduce the warranty in evidence. Rule 6 of the Uniform Rules of Practice requires the production of exhibits at the pretrial. The minute entry order of 20 September recites:

"* * * that the plaintiffs have no new or additional evidence to present other than that which is already presented in the depositions and answers to interrogatories * * *"

We must assume that the warranty was not presented to the trial court. If we assume for the sake of argument that there was "a new car warranty" at the time of sale, the contents thereof are a matter of evidentiary proof and we cannot speculate as to its terms. The record does not disclose that any "advertisements" were tendered at the pretrial conference and, by the same token, we must assume that none were tendered.

## NEGLIGENCE

■ The fact of the happening of an event or an accident is not proof of negligence. Pickwick Stages Corporation v. Messinger, 44 Ariz. 174, 36 P.2d 168 (1934); McCarthy v. Kenosha Auto Transport Corporation, 2 Ariz.App. 620, 411 P.2d 58 (1966). The testimony of the plaintiffs that the axle broke is based upon hearsay and is not that quality of evidence required by Rule 56(e) in that it was not shown "affirmatively" that the plaintiffs were competent to so testify. Mr. Biondo testified that he saw the automobile at the Courtesy garage after the accident and that the axle was broken. Granting for the sake of argument that his conclusion based upon his very casual observation would be admissible in evidence, it was insufficient to establish that the axle broke prior to the time that the car overturned. There was a complete absence of any evidence as to the cause of the breaking of the axle, if the evidence was sufficient to establish the fact that the axle broke.

In this case we are not called upon to determine whether the principles of strict liability in tort are applicable.

■■ In the early part of this opinion we stated the basic question was whether a defendant may recover on a motion for summary judgment based upon the weaknesses of the plaintiffs' case. We hold that to so rule is proper. In 1943, the United States Supreme Court decided the case of Sartor v. Arkansas Natural Gas Corporation, 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967, and therein stated:

"But at least a summary disposition of issues of damage should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party."

The Second Circuit in the 1945 case of Madeirense Do Brasil S/A v. Stulman-Emrick Lumber Co., reported in 147 F.2d 399, discussed this legal principle and stated:

"But care should be taken to make the analogy as exact as circumstances permit; the ruling is to be made on the record the parties have actually presented, not on one potentially possible. Hence the case here is as though defendant had offered plaintiff's admissions, and plaintiff had then rested, with no contradiction or rebuttal of any kind, and had made its own motion for a directed verdict or peremptory instruction. * * *"

Under this test, Mr. and Mrs. Biondo cannot prevail.

In the case of Perez v. Tomberlin, 86 Ariz. 66, 340 P.2d 982 (1959), in considering a Rule 56 matter, the Arizona Supreme Court stated:

"* * * we held the mere general statement in a pleading, when attacked by such motion supported by proof of specific facts in the form of affidavits, etc., places on the author of the statement the obligation to present something which will show that when the date of trial arrives, he will have some proof to support the allegations in the pleading."

A similar statement is found in Colby v. Bank of Douglas, 91 Ariz. 85, 370 P.2d 56 (1962), wherein the Supreme Court of Arizona used the following language:

"The mere statement in a pleading, when attacked by a motion for summary judgment supported by proof of specific facts in the form of an affidavit or deposition, places on the author of the statement the obligation to present something which will show that when the date of trial arrives, he will have some proof to support the allegations in the pleadings. He can-

not withhold this showing until the time of trial."

In both Perez and Colby, the party urging the motion for summary judgment came forward with affirmative matter. We hold that the legal principles are equally applicable where the moving party negatives the right to recovery through the statements of the plaintiffs and that when this situation is presented, the plaintiffs must come forward with "some proof to support the allegations in the pleadings." In Patton v. Paradise Hills Shopping Center, Inc., 4 Ariz.App. 11, 417 P.2d 382 (1966), we stated:

> "Where the motion for summary judgment filed by a defendant points out an absence of facts sufficient to establish a claim for relief, the plaintiff may not rest upon the allegations of the complaint but must come forward with facts which meet the test of the rules sufficient to support that claim for relief."

In the consideration of these matters we agree that if General Motors' attack by motion for summary judgment did not negative the right of recovery, in other words, " * * * if the papers of the moving party fail to show that he is entitled to judgment as a matter of law, the opposing party need not file an opposing affidavit" Lujan (94 Ariz. page 277, 383 P.2d page 190). Our conclusions in this matter are reinforced by the language of Rule 56(f). The plaintiffs and Courtesy are both located in Phoenix. As previously stated, the plaintiffs in their answers to the interrogatories and in the depositions indicated that the physical possession of the vehicle remained in Courtesy. Even so, no effort was made to overcome the showing by General Motors.

The plaintiffs rely upon the case of Lowther v. Hopper Truck Lines, 92 Ariz. 344, 377 P.2d 192 (1962). In our opinion, the posture of the facts at the time of the ruling on the motion for summary judgment was far different from those set forth in Lowther.

Both judgments are affirmed.

CAMERON, C. J., and DONOFRIO, J., concur.