432 P.2d 149

Dolores AINSA, Appellant,

v.

SALT RIVER VALLEY WATER USERS ASSOCIATION, Maricopa County, a political subdivision, Appellees.

No. 1 CA–CIV 418.

Court of Appeals of Arizona.

Oct. 5, 1967.

Alan Philip Bayham and Leven Ferrin, Phoenix, for appellant.

Jennings, Strouss, Salmon & Trask, Phoenix, for appellee Salt River Valley Water Users Ass'n.

Shimmel, Hill, Kleindienst & Bishop, by Richard A. Black, Phoenix, for appellee Maricopa County.

HATHAWAY, Chief Judge.

This is an appeal by the plaintff, Dolores Ainsa, from the trial court's granting the defendants', Salt River Valley Water Users Association and Maricopa County, motions for summary judgment in plaintiff's wrongful death action. The other two defendants, Arizona Agro-Chemicals and Frank Perez, Jr., are not involved in this appeal.

This action arose out of an automobile collision which occurred on April 20, 1965 between the plaintiff's husband's pickup truck and a truck driven by Frank Perez, Jr., an employee of Arizona Agro-Chemicals. The accident occurred at the intersection of 83d Avenue and McDowell Road in Maricopa County, Arizona. This intersection was "controlled" in that there were stop signs requiring vehicular traffic on 83d Avenue to stop and yield to the traffic on McDowell Road. Mr. Ainsa was proceeding south along 83d Avenue and Mr. Perez was proceeding east along McDowell Road. As the front of Mr. Perez' truck entered the intersection, the Ainsa pickup collided with the driver's side of the Perez truck. The collision resulted in the death of Mr. Ainsa.

Ainsa's widow, Dolores Ainsa, instituted this action against Perez, Arizona Agro-Chemicals, Salt River Valley Water Users Association and Maricopa County. In her complaint plaintiff alleged that the appellees had negligently allowed and caused a large hole to develop on the edge of the asphalt paving on the southerly side of McDowell Road just west of the 83d Avenue intersection. The plaintiff claims that McDowell Road is a narrow two lane highway and consequently the existence of the hole forced Mr. Perez to cross the center line of McDowell Road to avoid the hole and that this procedure was a contributing cause to the death of Mr. Ainsa.

The appellees contend that the plaintiff has not brought forward any evidence which would establish that the hole on the side of the road was any contributing cause to the collision and therefore as a matter of law, their factual contention should be taken as true. In putting forth this contention the appellees relied primarily upon the deposition of Perez in which he states that he was very familiar with this intersection; that McDowell Road was wide enough for two cars to pass without either crossing the center line; that his truck, approximately eight feet wide, could also pass in the intersection without crossing the center line; that on the day of the collision he did not cross the center line;

and, that he observed no hole or grass on the side of McDowell near the 83d Avenue intersection.

In refuting the contentions of the appellees the plaintiff relies primarily upon her affidavit in opposition to the motion for summary judgment stating generally the facts as above given and specifically noting two written statements signed by Perez five days after the occurrence of the collision. In the first of the written statements no reference is made to the hole beside the road but it is stated that the point of impact occurred in the southeast sector of the intersection.[1] In the second written statement, apparently executed just one half of an hour after the first written statement, specific reference is made to Perez' being aware of the narrow intersection at 83d Avenue and of the existence of the hole on the side of McDowell Road near this intersection;[2] and that the point of impact was in the northwest sector of the intersection (that sector directly catty-corner to the sector alleged as the point of impact in the first written statement).[3]

The plaintiff further relies upon the sheriff's photos taken at the scene just after the collision. In plaintiff's exhibit one the sheriff has placed his point of impact marker in the northwest sector of the intersection. The plaintiff contends that this, taken with the second written state-

1. "The point of impact between the two vehicles was just about 2 to 3 feet east of the extended center line on north 83d Avenue and about 3 to 4 feet north of the extended curb line of west McDowell."

2. "I also am aware of West McDowell being narrow at the west entrance to this intersection due to an underground water canal which goes under the road. There are two cement railings, one on each side of the West McDowell roadway, that indicates the width of the roadway at this point. A person driving by this spot must be sure not to drive his vehicle too close to the right side of the roadway or he might strike one of these cement bridge sections. They are about 5 to 6 inches high, 2 to 3 feet long, and about 3–4 inches wide. I also know that

there is a bad hole in the road, which starts right at the pavement edge on the South side of West McDowell, and falls deep down into a canal ditch. There is grass and weeds growing around this area which tends to hide this hole and would not be visible to the unsuspecting driver. When passing this spot I use care to drive toward the center of the roadway in order to miss the cement and hole. The trucks I usually drive are wider than an automobile and care has to be used to miss these obstacles."

3. "I don't remember too much more other than the point of impact was about 3 to 4 feet north of the extended center line of west McDowell Road and about 2 to 3 feet east of the extended curb line of north 83d Avenue."

ment of Perez, indicates that the Perez truck must have crossed the center line in order to collide with the Ainsa pickup in the northwest sector of the intersection. The appellees refute this contention by noting the deposition taken of Perez and further contending that the written statements signed by Perez were not read to him (as Perez does not read or write the English language) and that he is unaware of what is contained in the statements.

■ In the determination of this appeal we must view the facts and all the reasonable inferences derived therefrom in the light most favorable to the plaintiff. Lujan v. MacMurtrie, 94 Ariz. 273, 383 P.2d 187 (1963). In resolving the propriety of the granting of a motion for summary judgment, we must determine whether the plaintiff's evidence has established a genuine and disputed issue of fact. Sarti v. Udall, 91 Ariz. 24, 369 P.2d 92 (1962). In our Supreme Court's latest ruling on this point, Elerick v. Rocklin, 102 Ariz. 78, 425 P.2d 103, 106 (1967), it is stated:

" 'The moving party for a summary judgment has the burden to " * * * show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c) Rules of Civil Procedure.

\* \* \* \* \* \*

" 'Any inferences from the underlying facts revealed by affidavit must be viewed in the light most favorable to the party opposing the motion. (citations omitted) A summary judgment should not be granted when there is an issue of fact, nor where there is the slightest doubt as to the facts. (citations omitted)

\* \* \* \* \* \*

" 'We take this occasion to suggest that trial judges should exercise great care in granting motions for summary judgment. A litigant has a right to a trial where there is the slightest doubt as to the facts \* \* \*.' "

■ In opposing a motion for summary judgment a party is not required to come forward with his entire case in order to rebut that motion; but, rather, "It is sufficient if the party asserts a disputed fact which, if proved true, could affect the final judgment." Lowther v. Hopper Truck Lines, 92 Ariz. 344, 346, 377 P.2d 192, 193 (1962). We conclude from the above evidence that the plaintiff established a genuine and disputed issue of fact, i. e., that the point of impact was in the northwest sector of the intersection. It reasonably follows that the Perez truck had crossed the center line of McDowell Road prior to or at the time of the collision to avoid the hole alongside McDowell Road. If these facts were to be proved by the plaintiff they could unquestionably "affect" the final judgment.

"Therefore, the question becomes whether a genuine issue of fact is presented by the record, and not, if one exists \* \* \*. A motion for summary judgment is not a trial by affidavits. (citations omitted)" Sarti v. Udall, supra, at 25, 369 P.2d at 93.

Stevens v. Anderson, 75 Ariz. 331, 256 P.2d 712 (1953), cited by appellees, is in accord with and authority for our holding. There it was only held that a negative allegation was insufficient to present a genuine issue of fact.

The judgment of the trial court is reversed.

MOLLOY, and KRUCKER, JJ., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. Section 12-120, subsec. E.