641 P.2d 854

**Vera Warren LOVE, a married woman, Plaintiff-Appellant,**

v.

**HOME TRANSPORTATION COMPANY, INC., a Georgia corporation, Defendant-Appellee.**

**No. 15678–PR.**

Supreme Court of Arizona, In Banc.

Feb. 3, 1982.

Steven M. Friedman, Phoenix, for plaintiff-appellant.

Burch, Cracchiolo, Levie, Guyer & Weyl, P. A. by Brian Kaven, Thomas G. Bakker, Phoenix, for defendant-appellee.

CAMERON, Justice.

We granted the petition of plaintiff, Vera Warren Love, to review a decision of the Court of Appeals, Division One, which affirmed the granting by the trial court of defendant Home Transportation Company's motion for summary judgment. We have jurisdiction pursuant to A.R.S. § 12–120.24.

We must answer only one question on appeal: Was there sufficient uncontroverted evidence before the trial court upon which it could grant defendant's motion for summary judgment?

The facts necessary for a determination of this matter are as follows. Plaintiff, Vera Love, was injured in a truck accident while she was a passenger. The driver of the truck was killed. During her first three days in the hospital, plaintiff was twice visited by the trucking company's insurance adjustor. On the last visit, plaintiff signed a statement releasing the defendant from liability in exchange for a $6,500.00 check and a promise of up to $3,000.00 for medical expenses which might be incurred within 6 months after the accident. After returning to her home in Houston, Texas, plaintiff applied for and was reimbursed in this amount for further medical expenses so that her total recovery from Home Transportation Company at the time of this action was $9,500.00. At the time the suit was filed, she had not fully recovered from the accident. Her affidavit concerning the signing of the release reads in part as follows:

"The next day the lady from the insurance company came back and asked a lot of questions, particularly harping on whether or not I knew I was not supposed to be in the truck. She also asked if I knew that JD was married and had a little girl. She told me that her insurance company didn't have to, but wanted to help me by giving me some money to pay my medical bills since I had been injured in a truck insured by them. She wrote out a release and I signed it. My main purpose in signing the release was that all I could think of was going home to Houston and I didn't have anything to do it with. * * * I used most of the money from the insurance company to pay medical bills in Arizona, for clothes in Arizona and the airplane fare and taxi ride to get me home. * * * "

In addition, the adjustor testified in her deposition that she had asked the plaintiff whether she was aware that it was illegal for the plaintiff to ride in the truck. Plaintiff also stated:

"As far as I can remember, she said that from what I had told her about the accident, that they were not responsible to me for anything. And that they would give me a certain amount of money so that I wouldn't file against them."

Plaintiff sued claiming that the release was invalid as a result of fraud and misrepresentation. Although plaintiff raises more than one example of fraud and misrepresentation and the Court of Appeals considered more than one in affirming the granting of the motion for summary judgment, we believe that only one example of misrepresentation need be considered, and that is the statement of the insurance adjustor that the insurance company was not responsible to the plaintiff as a result of the accident.

It was the position of the Court of Appeals that if the insurance adjustor

"had made a misrepresentation of law to appellant, as for example if she had misstated a specific legal principle, such could constitute a necessary misrepresentation. *Pacific Gas & Electric Co. v. Almanzo* [22 Ariz. 431, 198 P. 457] *supra,* and *Lowther v. Hopper Truck Lines* [92 Ariz. 344, 377 P.2d 192] *supra, see also* Annot., 21 A.L.R.2d 272 (1952). But plaintiff never testified or averred that Ms. Hacht told her or led her to believe that her illegal status as a passenger would bar recovery. According to the plaintiff, Ms. Hacht only generally opined, based upon what plaintiff told her, that Home or the insurance company had no responsibility to her. In such a general form, the statement was clearly a nonactionable statement of opinion, rather than a representation of fact. If the

opinion were in any way tied to passenger status, we would have a different case. But a mere general denial of liability, without any specification of reason, is insufficient to constitute a misrepresentation of fact. Our duty to grant to the plaintiff the benefit of inferences cannot be stretched into attributing to her that which she had every opportunity to say but did not say. We do not find the requisite misrepresentation." *Love v. Home Transportation Co.,* 131 Ariz.App. 394, 399, 641 P.2d 882, 887 (App.1981).

We do not agree. Statements denying liability are seldom clear statements of law or fact on one hand, or clear statements of opinion on the other. Most are mixed statements of law, fact and opinion, and whether they are more nearly one or the other will depend upon the setting and the intention of the person making the statement. As we have stated:

" * * * It is true as a general proposition that the expression of an opinion, which is understood to be only an opinion does not render one liable for fraud. (citation omitted) There are many exceptions to this general rule, however, for 'it is often impossible to determine, as matter of law, whether a statement is a representation of a fact, which the defendant intended should be understood as true of his own knowledge, or an expression of opinion, and when such is the case the question is one for the jury.' (citation omitted) 'Each case must in a large measure be adjudged upon its own circumstances.' (citation omitted)" *Pacific Gas & Electric Co. v. Almanzo,* 22 Ariz. 431, 437, 198 P. 457, 459 (1921).

In the instant case, the statement that it was illegal for the plaintiff to ride in the truck is a statement of law. The statement that the company was not liable to plaintiff is a mixed statement of law, fact and opinion, depending on the circumstances, and as such is a question to be determined at trial on the issues.

■ A person such as plaintiff, untutored in the law, in a hospital, and worried as to how she is going to be able to pay her bills and get home, is an "easy target" for the more sophisticated insurance adjustor who tells the plaintiff it was illegal for her to be in the truck and that the company is not responsible for anything. Under such circumstances, the plaintiff could well believe that, as a matter of law, the company was not liable to her in any way and she should take what the adjustor offers for the release. A misrepresentation does not have to be in specific legal terms or language to be a statement of law in order to satisfy one of the nine elements of actionable fraud. *Carrel v. Lux,* 101 Ariz. 430, 420 P.2d 564 (1966); *Neilson v. Flashberg,* 101 Ariz. 335, 419 P.2d 514 (1966); *Staheli v. Kauffman,* 122 Ariz. 380, 595 P.2d 172 (1979). In the instant case, considering the setting in which the statement was made, there is a reasonable question that the insurance adjustor intended it to be a statement of the law and that the plaintiff so understood. *Sainsbury v. Pennsylvania Greyhound Lines,* 183 F.2d 548 (4th Cir. 1950); 21 A.L.R.2d 266. As the Court of Appeals noted:

" * * * When a release is signed shortly after an accident, in a hospital, the potential for mistake and legal fraud is high. The victim's injuries may be such that he is isolated from others so that he has no means of acquiring a broadened perspective on the matter. * * *" 131 Ariz. App. at 400, 641 P.2d at 888.

■ Viewing the evidence in a light most favorable to the party against whom the summary judgment was granted, we will reverse "if there is any material issue of fact upon which reasonable people might reach a different conclusion." *Gulf Insurance Co. v. Grisham,* 126 Ariz. 123, 124, 613 P.2d 283, 284 (1980). We believe reasonable people could differ as to whether the insurance adjustor's statement was a statement of law or a mere opinion. *Pacific Gas, supra.*

Opinion of the Court of Appeals vacated, 641 P.2d 882. Reversed and remanded for further proceedings consistent with this opinion.

GORDON, V. C. J., and FELDMAN, J., concur.

HOLOHAN, Chief Justice (dissenting).

The opinion of the Court of Appeals appears to correctly resolve the issue in this case. I agree with the legal conclusions of the Court of Appeals based on their more exhaustive review of the facts, and I therefore note my dissent from the decision of the majority.

HAYS, Justice, concurring.

I concur in the dissent of Chief Justice Holohan.