670 P.2d 403

**J. Fenimore JONES, Plaintiff-Appellee,**

v.

**CHIADO CORPORATION, an Arizona corporation, and Paul G. Pace and Nancy L. Pace, his wife, Defendants-Appellants.**

No. 1 CA–CIV 5533.

Court of Appeals of Arizona,
Division 1, Department B.

Feb. 24, 1983.

Rehearing Denied April 26, 1983.

Review Denied June 10, 1983.

Monbleau, Vermeire & Turley, P.C. by Albert R. Vermeire, Timothy W. Evens, Phoenix, for plaintiff-appellee.

Bonn, Anderson & Hartmann, P.A. by Jeffrey D. Bonn, Elliott St. John Flood, Phoenix, for defendants-appellants.

## OPINION

GRANT, Judge.

The issue presented in this appeal is whether the trial court erred in denying defendants-appellants' motion for a directed verdict on plaintiff-appellee's cause of action alleging fraud. The jury returned a verdict in favor of appellee (Jones), and against appellants (Chiado and Pace) for the sum of $118,466.74 on the fraud count. For the reasons hereafter stated we reverse the judgment of the trial court.

Viewing the facts, as we must, in a light most favorable to sustaining the judgment, see *Polk v. Koerner,* 111 Ariz. 493, 533 P.2d 660 (1975); *Cagle v. Carr,* 101 Ariz. 225, 418 P.2d 381 (1966), the record reflects the following. Pace and Jones were involved in business dealings regarding a sale of real property located in Scottsdale, Arizona, and the development of a shopping center thereon. In connection with the shopping center, Jones loaned Pace a total of $80,000.00 evidenced by two promissory notes, one in the amount of $45,000.00 and the other in the amount of $35,000.00.

As the shopping center project progressed, Jones and Pace became involved in heated disputes concerning the project and threatened to sue each other. Their attorneys felt that litigation would be against the best interest of all parties involved because of the cloud that could result over the shopping center project. Consequently, it was proposed that a mutual release agreement be executed to "clear the air of the various claims." This agreement, prepared by Jones' attorney, was entered into by

Jones and Pace and provided in pertinent part as follows:

> Pace on the one hand and . . . Jones . . . on the other . . . forever discharge the other . . . for and from all manner of actions, cause and causes of action, suits, debts, sums of money . . . and claims whatsoever, in law or in equity . . . and particularly, without limiting the generality of the foregoing, all claims or actions arising out of the parties dealings, negotiations, or conduct concerning the shopping center project known as the "Scottsdale Shopping Center" located at the intersection of Camelback and Miller Roads, Scottsdale, Arizona, excepting only the obligations of the parties . . . arising out of . . . [the Escrow Instructions of April 14, 1976].

Prior to the execution of the release, Jones had a conversation with Pace to confirm that the two promissory notes were not included within the provisions of the release agreement. Following the execution of the release, Pace refused to pay the remaining amount owed on the notes, maintaining that the mutual release agreement exonerated the promissory notes.

On November 3, 1978, Jones filed a complaint against Chiado Corporation, the debtor, and Pace as guarantor, seeking judgment on the two notes plus interest, cost, and expenses. On February 1, 1980, an amended complaint alleging fraud was filed. The fraud charge was based on Jones' assertion that he would not have executed the mutual release agreement but for the fraudulent inducement by Pace that the two notes were not going to be affected by the release itself.

The trial court determined that "there is no question . . . that as written the document releases [the $80,000.00 debt] obligation." Thus it directed a verdict on that issue in favor of the defendants. There has been no appeal from this directed verdict. However, the court let go to the jury the issue whether Pace fraudulently induced the execution of the mutual release by stating that the notes were not covered by the release.

On appeal, Pace argues that a directed verdict should have been entered in his favor on the fraud count because Jones failed to prove two of the nine essential elements of fraud—Jones' right to rely on Pace's representation, and a statement of fact. Pace argues that his statement regarding the effect of the release on the notes was not a statement of fact but only a statement of opinion by one layman to another as to the legal effect of the document. *See Love v. Home Transp. Co., Inc.,* 131 Ariz. 366, 641 P.2d 854 (1982). Because we reverse this case on the first issue, it is unnecessary to consider appellant's second issue.

As the supreme court stated in the case of *Staheli v. Kauffman,* 122 Ariz. 380, 383, 595 P.2d 172, 175 (1979):

> In considering whether the evidence taken in its strongest light establishes actionable fraud, the plaintiffs must show a concurrence of nine elements, which are:
>
> "(1) A representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted upon by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; (9) his consequent and proximate injury." (citations omitted)

It is element eight with which we are concerned here. In support of his position that Jones had no right to rely on his representations, Pace relies primarily on *Mut. Benefit Health & Accident Ass'n v. Ferrell,* 42 Ariz. 477, 27 P.2d 519 (1933). In that case plaintiff Ferrell was the insured under a disability policy purchased from defendant Mutual. Ferrell became disabled and, after receiving a payment of $500.00, signed a release of "any and all liability of whatever kind or nature, if any, that now exists, or may hereafter exist," with assurances from defendant's agent that it was merely for the agent's protection and that it would not cancel the policy or be a settlement in full. When Ferrell sued for additional reimbursement for loss of income, the Arizona Su-

**300**

preme Court held that where a person testified that he was induced to sign a release in reliance on false representations that the release will not discharge all the claims expressly covered in its terms, no cause of action for fraud may be maintained because, under such facts, no right to rely existed. The court stated:

> [W]hen a party has an equal opportunity to read and examine a contract with the other party, it is his duty to do so, and, if he fails, he will not be permitted to avoid it on the ground that he did not read it or supposed it was different in its terms from what it really was. As the Superior Court of the United States said in the case of *Upton v. Tribilcock,* 91 U.S. 45, 50, 23 L.Ed. 203: "It will not do for a man to enter into a contract and, when called upon to respond to its obligations, to say that he did not read it when he signed it, or did not know what it contained. If this were permitted contracts would not be worth the paper on which they are written ..."

42 Ariz. at 487, 27 P.2d at 523. *See Apolito v. Johnson,* 3 Ariz.App. 232, 413 P.2d 291 (1966) *modified,* 3 Ariz.App. 358, 414 P.2d 442 (1966).

 We find this reasoning persuasive in the case before us. Assuming, as we must, that Pace assured Jones that the promissory notes were not covered within the terms of the release agreement, Jones had no right to rely on such assurances in the face of the clear language of the release that Pace and Jones discharge each other from all "causes of action, suits, *debts, sums of money* ... and claims whatsoever, ..." Jones could have protected himself by having his attorney, who drafted the release agreement, insert an exception for the promissory notes. One who will not reasonably guard his own interests when he has reasonable opportunity to do so must bear the consequences, because the court will not protect those who, with full opportunity to do so, will not protect themselves. *Standard Mfg. Co. v. Slot,* 121 Wis. 14, 98 N.W. 923 (1904) *cited in Mut. Benefit Health & Accident Ass'n v. Ferrell, supra.* As our

supreme court stated in *Smith v. Mosbarger,* 18 Ariz. 19, 23, 156 P. 79, 80 (1916):

> We may state it as a general rule when parties competent to contract have come together and reduced to writing the terms and conditions of their agreement, the law protects and guards with great caution the written memorial of their contract thus made.

*Accord, Apolito v. Johnson, supra.*

For the foregoing reasons, the judgment of the trial court is reversed.

JACOBSON and BROOKS, JJ., concur.