820 P.2d 328

**Stephen Richard LUBIN,
Plaintiff/Appellant,**

v.

**E. Peter JOHNSON and Ann H.
Johnson, husband and wife, et
al., Defendants/Appellees.**

**No. 2 CA–CV 91–0036.**

Court of Appeals of Arizona,
Division 2, Department A.

June 4, 1991.

Review Denied Dec. 17, 1991.

D.G. Foulke, Tucson, for plaintiff/appellant.

Douglas & Brown by William H. Douglas, Phoenix, for defendants/appellees.

## OPINION

LIVERMORE, Presiding Judge.

The sole issue in this case is whether a release of all claims for injuries, present or future, known or unknown, may be rescinded because of representations by the insurance adjuster that the release would not bar compensation for future losses. The trial court ruled that it could not. We disagree and reverse.

The document signed by plaintiff in this case released three named defendants "and his, her, their, or its agents, servants, successors, heirs, executors, administrators and all other persons, firms, corporations, associations or partnerships of and from any and all claims, actions, causes of action, demands, rights, damages, costs, loss of service, expenses and compensation whatsoever, which the undersigned now has/have or which may hereafter accrue on account of or in any way growing out of any and all known and unknown, foreseen and unforeseen bodily and personal injuries and property damage and the consequences thereof resulting or to result from the accident...." Taking the facts in the light most favorable to plaintiff, plaintiff asked whether the release would bar recovery for future losses and was assured by the adjuster that it would not. These facts, if believed, state a claim for fraud by the adjuster permitting rescission of the contractual release. See *Parrish v. United Bank,* 164 Ariz. 18, 790 P.2d 304 (App. 1990); 3 Appleman, Insurance Law & Practice § 1712 (1967); 16 Couch on Insurance 2d § 60.64 (rev. ed. 1983).

Defendants seek to avoid this result by contending that plaintiff, as a matter of law, could not reasonably rely on the adjuster's representations in the face of the plain language of the release. For this proposition two cases are cited, *Mutual Benefit Health & Accident Ass'n v. Ferrell,* 42 Ariz. 477, 27 P.2d 519 (1933), and *Jones v. Chiado Corp.,* 137 Ariz. 298, 670 P.2d 403 (App.1983). Fairly read, both cases support defendant's argument and would support affirmance. We decline to follow them because more recent Arizona authority suggests that they may no longer be the law.

There is nothing particularly attractive in the proposition that an insurer, or anyone else, may by misrepresentation induce a person to forego rights and then defend on the ground that the fraud is excused be-

cause the person defrauded should have known better. We are unwilling to endorse the idea that victimization of the ignorant has legal sanction. We believe that the action of the courts in *Darner Motor Sales, Inc. v. Universal Underwriters Ins. Co.*, 140 Ariz. 383, 682 P.2d 388 (1984), and *Lindsey v. University of Arizona*, 157 Ariz. 48, 754 P.2d 1152 (App. 1987), in relieving persons of the plain terms of writings by reason of separate oral understandings and agreements also undercut those earlier rulings upholding writings induced by misrepresentations.

Even if, however, the older cases are still applicable, we believe a jury could conclude the plaintiff had a right to rely on the adjuster's representations. The legal language of the release, while clear to lawyers and judges, may well have been impenetrable to this plaintiff. Faced with that barrage of words and clauses, some applicable to his situation and some not, plaintiff could be uncertain about its meaning and application to him. We see nothing unreasonable in asking the adjuster what that language meant and in relying on the answer given.

Reversed.

HATHAWAY and LACAGNINA, JJ., concur.